The plaintiff, instead of availing himself of the leave granted by the General Term to amend his complaint, has appealed to this court, thus risking his case upon a mere question of pleading. The point involved is purely technical, and must be decided without reference to any considerations other than the rules of pleading. Though few of these remain in force, one still exists which is, that causes of action in tort and in contract cannot be joined. If there be any exception to this rule, it must spring out of the first subdivision of section 167 of the Code, which permits the joinder of several causes of action, legal or equitable, when they all arise out of the same transaction, or transactions connected *Page 334 
with the same subject of action. Without entering into an extended discussion upon the subject, we deem it sufficient to say that, in our judgment, the case at bar does not fall within the exception. The first count of the complaint is for the breach of a covenant of quiet enjoyment contained in a lease. The fifth count is for entering the apartments of the plaintiff with false keys, breaking open his trunks, and maliciously and feloniously removing and injuring his property. We think that the Superior Court correctly decided that this departure from the rules of pleading, which were well settled before the adoption of the Code, is not sanctioned by section 167.
The judgment should be affirmed with costs.
All concur.
Judgment affirmed.