By the Court.—Truax, J.
If a demurrer to the complaint on any of the grounds stated in the motion papers will, lie, the order appealed from should be reversed ; if it will not lie, the order should be affirmed. The grounds of demurrer stated are that there is a misjoinder of parties plaintiff; that several causes of action have been improperly united ; and that the complaint does not state facts sufficient to constitute a cause of action
The supplemental complaint shows that one of the plaintiffs, Thomas L. M. Chrystie, has assigned “all his right, title and interest in and to this action and its proceeds, and to all causes of action of every kind existing in his favor against the defendants, or either of them,” to the other plaintiff. But it nowhere appears that the action has been discontinued as to him. He is called a plaintiff in the supplemental complaint, he is named in the summons as one of the plaintiffs. But the fact that he has parted with his cause of action, and is no longer interested in obtaining the relief demanded, is not equivalent to a discontinuance of the action as to him. He must obtain the leave of the court before he can discontinue the action. This leave he has not yet obtained, and therefore he still continues to be a party plaintiff.
The plaintiffs allege, in their supplemental complaint, among other things, that one of the plaintiffs, Taylor, *301 “has been damaged, and has suffered great inconvenience and annoyance, much personal discomfort and loss of health and strength, and of sight and hearing, and has been caused great sufferings and pains and sickness by the wrongful acts of the defendants” in building and running their railroad. This is a cause of action for personal injuries to the plaintiff Taylor, and comes within subdivision 2 of section 484 of the Code of Civil Procedure. It does not affect the plaintiff Chrystie.
The plaintiffs allege in their amended complaint that they have a lease of a certain piece of real estate situate on the line of the defendant’s road, and that their interests in this property have been injured by the wrongful acts of the defendants in building and running said road. This is the cause of action mentioned in subdivision 4 of section 484; it is a cause of action for injuries to certain real property which belongs to both of the plaintiffs. It is not an action for personal injuries (subd. 9, § 3343, Code Civ. Proc.). It has been improperly united to an action for personal injuries, for section 484 allows a plaintiff to unite two causes of action only where they both belong to one of the subdivisions of that section. But in this case, one of the causes of action belongs to subdivision 2, while the other belongs to subdivision 4 of that section.
The two causes of action have been improperly united for another reason, viz., one of them does not affect all the parties to the action (see last paragraph of section 484).
The plaintiffs contend that the two causes of action have not been improperly united because they both “ arise out of the same transaction.” That is not the fact. It does not follow that both causes of action arise out of the same transaction, because the same act renders the defendants hable in both causes of action (Keep v. Kaufman, 36 Super. Ct. 141; aff’d, 56 N. Y. 332; cited with approval in 64 Ib. 178). The transaction first. above mentioned is an injury to the person of the plaintiff Taylor, while the transaction secondly above mentioned *302 is an injury to property that belongs to both of the plaintiffs. These are not the same transaction.'
The fact that the plaintiffs have stated the two causes of action in one count, instead of stating them aS two causes of action, does not deprive the defendants of their. right to demur (Wiles v. Suydam, 64 N. Y. 173 ; Goldberg v. Utley, 60 Ib. 427).
I am of the opinion that the causes of action have been improperly united, and that the order should be reversed, with costs, and the motion granted, with $10 costs. ‘
Freedman, J., concurred.