JOHN RAYNOR, APPELLANT, *v.* WILLIAM BRENNAN, RESPONDENT.

*Pleading — improper joinder of causes of action — Code of Civil Procedure, sec. 484.*

The complaint in this action contained two causes of action, the first of which alleged that the plaintiff bet money with the defendant upon the event of a horse race and lost it. The second alleged that he was induced to make the bet by false representations respecting the horse that won the race, made by the defendant and others with whom the defendant conspired to defraud the plaintiff.

*Held,* that as the first cause of action was on contract and the second in tort, and as, although arising out of the same transaction they could not be united because not belonging to either of the subdivisions specified in section 484 of the Code of Civil Procedure, a demurrer to the complaint was properly sustained.

APPEAL from a judgment, entered upon an order of the Erie Special Term sustaining a demurrer to the complaint.

*Giles E. Stilwell,* for the appellant.

*Tabor & Sheehan,* for the respondent.

SMITH, P. J. :

The complaint contains two counts. The first alleges that the plaintiff bet money with the defendant upon the event of a horse race and lost it; the other, that he was induced to make the bet by false representations respecting the horse that won the race, made by the defendant and others, with whom the defendant conspired to defraud the plaintiff. The first cause of action is clearly on contract; the second, as clearly, in tort, and although they arise out of the same transaction, they cannot be united, for the reason that they do not belong to either one of the subdivisions specified in section 484 of the Code.

The cases of *Keep* v. *Kaufman* (56 N. Y., 332), *Wiles* v. *Suydam* (64 id., 173) and *Nichols* v. *Drew* (19 Hun, 490; S. C., 94 N. Y., 22), hold such a complaint bad on demurrer.

The contention of the appellant's counsel that the second count is upon contract, and that the allegations of fraud and conspiracy are not of the gist of the action, cannot be maintained. (*Ross* v. *Mather,* 51 N. Y., 108; *Barnes* v. *Quigley,* 59 id., 265.) If the fraud and conspiracy are not the elements of the cause of action in

the second count, then no cause of action whatever against the defendant is set out in that count, as it does not allege that the money wagered was paid to or received by him, and he is not liable under the statute. (1 R. S., 662, § 9.) The case of *Graves* v. *White* (59 N. Y., 156), cited by the appellant's counsel, did not arise on demurrer. The complaint, as is to be inferred from the report of the case, contained a single count, which, after verdict, was held to state a good cause of action on contract, and that cause of action having been proved, the court refused to disturb the verdict, because certain irrelevant allegations of fraud were not proved.

The judgment and order should be affirmed, with leave to the plaintiff to amend his complaint on payment of the costs of this appeal and of the demurrer.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order affirmed, with costs, with leave to amend within twenty days on payment of the costs of the demurrer and of this appeal.