ALBERTUS A. WEEKS, Appellant, *against* HENRY KETEL-
TAS *et al.*, Respondents.

(Decided June 7th, 1886).

A complaint alleged, as a first cause of action, that plaintiff hired and
leased certain premises from defendants, by a written agreement, under
which plaintiff was entitled to the use of the Croton water by means of
the pipes and connections therewith upon said premises; that plaintiff
entered into and was in the use and occupation of the premises; that
defendant wilfully and without cause severed the Croton water pipes and
connections leading to the premises, and thereby wholly deprived plaint-
iff of the use of the Croton water. For a second cause of action, it al-
leged that during the lease defendants trespassed upon the premises, and
the appurtenances thereof, by forcibly disturbing said appurtenances,
and disturbing plaintiff in his lawful use and enjoyment of the same,
and severing the same and depriving plaintiff of the benefit and advan-
tage thereof. *Held*, that the first cause of action was on contract, and
the second was a cause of action in tort, and that a demurrer on the
ground that the causes of action were improperly united should be sus-
tained.

APPEALS from an interlocutory judgment of this court
sustaining a demurrer to a complaint, and from a final
judgment sustaining said demurrer and dismissing the com-
plaint, with costs.

The facts are stated in the opinion.

*Z. S. Sampson*, for appellant.

*Benj. T. Kissam*, for respondents.

ALLEN, J.—This appeal arises upon a demurrer to the
complaint of plaintiff, on the ground that it contains two
causes of action which have been improperly united. The
statement of the facts constituting each cause of action is
separate and numbered, pursuant to section 483 of the Code
of Civil Procedure.

The first cause of action states that plaintiff hired and

leased from defendants, by a written agreement of lease, certain lofts in John Street for the term of three years, and that it was agreed in the said lease that the plaintiff, during the term of said lease, should be entitled to the use of the Croton water, by means of the pipes and connections therewith as placed, situated and used upon said premises. That the plaintiff entered into the use and occupation of said premises, and has since continued and now is in the use and occupation thereof. That on or about the 6th day of February, 1885, the defendant wilfully and without cause severed the Croton water pipes and connections leading to the premises so leased, by which he had been supplied with Croton water, and thereby wholly deprived plaintiff of the use, benefit and enjoyment of the same upon said leased premises, to his damage one thousand dollars.

The second cause of action set forth in the complaint states that during the pendency of the said lease the defendants trespassed or caused a trespass to be committed upon the premises leased as aforesaid to the plaintiff, and to the appurtenances thereof, by forcibly disturbing said appurtenances without plaintiff's license or permission, and disturbing him in his lawful use and enjoyment of the same, and by severing the same and depriving plaintiff of the benefit and advantage thereof, to his damage one thousand dollars.

An examination of the statement of facts constituting the first cause of action shows that this cause of action is for a violation of the agreement between plaintiff and defendants in respect to the use of the Croton water, which is plainly a cause of action on the contract.

The second cause of action alleges that defendants committed a trespass upon the leased premises, which trespass consisted in forcibly disturbing the Croton water pipes mentioned.

This is a cause of action in tort. The plaintiff claims that he intended to allege a trespass, as a breach of the covenant for quiet enjoyment. If such was his intention he does not appear to have done so in his pleading.

A trespass is not necessarily a breach of such a covenant; and if it is sought to plead it as a breach, the pleading should plainly show that it is so pleaded.

That is not the case here. We must be governed by the words of the pleadings, without reference to other considerations. This complaint, in our opinion, sets forth a cause of action in contract and a cause of action in tort. These causes of action cannot be joined (*Keep* v. *Kaufman*, 56 N. Y. 332).

The judgments of the courts below should be affirmed, with leave to the plaintiff to serve an amended complaint within twenty days from notice of the entry of this judgment, upon payment within the same time of costs from the service of the demurrer, including those on appeal to this court.

BOOKSTAVER, J., concurred.

Judgments affirmed, with costs.