(13 App. Div. 274.)

### McCLURE v. WILSON.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. PLEADING—FORM OF DEMURRER.
    A demurrer for improper joinder of causes of action is sufficient, where it states that "causes of action on a contract are joined with a cause of action in tort," instead of stating, in the language of Code Civ. Proc. § 488, subd. 7, "that causes of action have been improperly united."

2. ACTION—IMPROPER JOINDER OF CAUSES.
    Causes of action cannot be joined where one of them treats a transaction as a contract, and the other treats the same transaction as a tort, since Code Civ. Proc. § 484, subd. 9, which provides that causes of action on claims arising out of the same transaction may be joined, does not apply to inconsistent claims.

Appeal from special term, New York county.

Action by David McClure, as receiver of the Life Union, against John W. Wilson. Defendant demurred to the complaint on the grounds "that in the said complaint causes of action on contract

are joined with a cause of action in tort; and (1) that all of the causes of action so united do not belong to any one of subdivisions 1 to 9, inclusive, of section 484 of the Code of Civil Procedure, and (2) did not arise out of the same transaction; and (3) that the said several causes of action are not consistent with each other." From an interlocutory judgment overruling the demurrer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. D. Hotchkiss, for appellant.

H. B. Turner, for respondent.

RUMSEY, J. The complaint contains three causes of action. The first alleges that the Life Union was a domestic corporation, of which, on the 29th of November, 1893, the plaintiff was appointed receiver, and that he qualified. The complaint further alleges that from the 16th of June, 1891, to the 20th of May, 1892, the defendant was one of the directors of the corporation, and that, as such, he and a majority of the other directors agreed, in consideration of the payment to them by one Louis P. Levy of the sum of $15,000, that a certain number of the directors of the corporation would resign as such, and allow Levy and such persons as he might designate to be elected directors, and that the defendant and his associates would turn over the assets and control of the corporation to Levy and the persons designated by him as directors. The complaint then goes on to allege that this transaction was carried out; that the directors resigned pursuant to the agreement, and Levy was elected president, and his associates were elected directors, and the management of the corporation was transferred to them; and that the defendant and his associates received from Levy the sum of $15,000, of which $2,000 was paid to the defendant, and applied by him to his own use. The complaint then alleges that, at the time of receiving this sum of $2,000, the defendant knew that the money so paid to him was a part of the said sum of $15,000, and that the same was the property of and belonged to the said Life Union, and that the Life Union was not indebted to the defendant, and not under any obligation to pay him any sum whatever. The first cause of action concludes with the allegation that the defendant received said sum of money for the use and benefit of the Life Union, and therefore should account to the plaintiff for the said sum of $2,000. The second cause of action contains substantially the same allegations as the first, except that it does not allege that the defendant received to his personal use any part of the $15,000, and the subsequent allegations in that count. It contains, however, an allegation that the agreement between Levy and his associates and the defendant and his associates was fraudulent and void, and in violation of the duties which, as directors, they owed to the said corporation; that, in consideration of the unlawful transfer to said Levy, this defendant and his associates received the sum of $15,000, which they wrongfully and unlawfully

applied to their own use. The second cause of action then continues, that the said sum of $15,000 was the property of the Life Union and its creditors, and its unlawful appropriation by the defendant has damaged the said Life Union in the sum of $15,000. For the third cause of action the complaint sets out the transaction substantially as set out in the second cause of action, and goes on with allegations to the effect that, by reason of the mismanagement and misconduct of Levy, the corporation became insolvent, and the funds held by it for the payment of death claims were wasted, and that the death claims, amounting to $77,861, became due, and have not been paid, and alleges that the said Life Union and its creditors sustained damage to the amount of $77,861.

The demurrer is upon the ground that causes of action upon contract are joined with causes of action for tort. The demurrer was overruled at special term. It was claimed by the plaintiff that the order was correct, for the reason that the demurrer was not good in form, because it does not state that there is a misjoinder of causes of action. But it is not necessary, in all cases, that the demurrer should be taken in the precise words of the Code. It is only required that the ground of demurrer should be so plainly stated that it may be clearly understood. This, we think, the demurrer does. It should specify the causes of action which are improperly united, where such misjoinder is the ground of the demurrer. It is sufficient simply to state, as is done here, that one cause of action, naming it, is united with another cause of action, naming it, which the Code does not permit to be joined; and it is not even necessary to negative that part of section 484 which prescribes that certain causes of action arising out of the same transaction may be joined. The question, then, is properly raised, and it remains to be seen whether the objection is well taken.

The first cause of action is brought, clearly, to recover money received by the defendant, but which belonged to the Life Union. It is apparent from the allegations that the money sought to be recovered was a portion of the money paid by Levy to the defendant and his associates for the consideration of the transfer of the control of the corporation. It is not alleged, nor is it to be inferred from the allegations in the complaint, that the money was paid out of the treasury of the corporation, because the allegation is that the money was to be paid by Levy as a consideration for getting control of the corporation. It is true that the statement of the cause of action contains an allegation that the money was the property of the Life Union, but that is plainly a statement of the legal conclusion which the pleader supposed to arise from the allegations of the facts under which the money was paid and the purposes for which it was received. The first cause of action proceeds upon the theory that there was a bargain between Levy and the defendant, with others, which was carried into effect by the payment of money, and that that money belonged, when paid, to the corporation; and the plaintiff, as receiver, seeks to recover it back. It is a cause of action for money had and received. The theory of it is

that the bargain, if not a valid one, is affirmed by the receiver, and he seeks to recover that which was paid to the defendant as a consideration for the transfer of the control of the corporation, and which, he insists, should have been paid by the defendant to the corporation. The cause of action stands upon the contract which the law implies on the part of one who has received money which he should pay over to another, to make such payment. It is a cause of action upon contract, and nothing else. Trust Co. v. Gleason, 77 N. Y. 400, 403. The same thing is true of the second cause of action. It is just as clear that the third cause of action proceeds upon an entirely different theory. It sets up that the agreement was fraudulent and void, and made in violation of the duty which the directors owed to the corporation, but does not seek to recover anything upon the basis of the existence of the contract. The foundation of this cause of action is that the transaction was fraudulent and void, and in violation of the defendant's duty, and that, as the result of it, the corporation was so badly managed that it was deprived of a considerable amount of its assets. The relief demanded is that the plaintiff may recover the amount of the assets of which the corporation was deprived, as the result of this illegal act. This cause of action is plainly for a tort. So it here appears that the first and second causes of action upon a contract are joined with a third cause of action for a tort. This cannot be done. Keep v. Kaufman, 56 N. Y. 332.

But it is said that these three causes of action arise out of the same transaction, and for that reason they may be joined, under subdivision 9 of section 484 of the Code of Civil Procedure. It is not necessary to consider whether this claim is well founded or not. By the subsequent portions of the section just cited, no causes of action can be united unless they belong to one of the foregoing subdivisions, and are consistent with each other. These two causes of action are entirely inconsistent. The first and second are based upon the theory that the contract is valid between the parties, and has been adopted by the corporation, and, because of that, the money belongs to the corporation, and should have been paid over to it. The third proceeds upon the theory that the contract is invalid and illegal, and no rights were acquired under it, and repudiates it, and seeks to recover damages for what was done by virtue of it. For these reasons, the misjoinder is not saved by the ninth provision of section 484 of the Code, and the demurrer is well taken.

The judgment overruling the demurrer must be reversed, with costs, and judgment ordered for the defendant upon the demurrer, with costs, with leave to the plaintiff to amend the complaint within 20 days, upon payment of the costs of the demurrer and of this appeal. All concur.