(74 App. Div. 147.)

### CONDE v. ROGERS.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. JOINDER OF ACTIONS—FORECLOSURE OF LIEN—ASSIGNED CLAIM ON CONTRACT.
　　Under Code Civ. Proc. § 484, providing that plaintiff may unite two or more causes of action where arising on contract, but it must appear that they are consistent with each other, an action to foreclose a lien on property pledged to plaintiff as security for money loaned by him cannot be joined with an action to recover on a claim assigned to plaintiff for services rendered by a third person.

2. PLEADING—CONSTRUCTION—SURPLUS ALLEGATIONS.
　　Where a complaint alleges that plaintiff loaned money to defendant and received property pledged as security, and prays that the amount due be ascertained, and declared a lien on such property, and that the pledged property be sold to satisfy such amount, the cause of action is in equity to foreclose a lien, and cannot be treated as for a money demand, and the other allegations rejected as surplusage.

Appeal from special term, New York county.

Action by Swits Conde against Lebbeus H. Rogers, Jr., as administrator of the estate of Marie C. Rogers, deceased. From an interlocutory judgment overruling a demurrer to the amended complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-TERSON, O'BRIEN, and LAUGHLIN, JJ.

L. H. Rogers, Jr., for appellant.
Thomas H. Rothwell, for respondent.

PATTERSON, J. By the interlocutory judgment from which this appeal is taken a demurrer to the complaint was overruled. The ground of that demurrer was that causes of action were improperly joined. There are two causes of action set up in the complaint; the first being distinctly for affirmative equitable relief, and the other being upon a simple common-law money demand arising on contract. The substantial allegations of the first cause of action are that the plaintiff was the father of Marie C. Rogers, deceased, who was the wife of Lebbeus H. Rogers, Jr.; that the plaintiff, at certain times, at the special instance and request of Lebbeus H. Rogers, Jr., loaned and advanced to the decedent, for her maintenance and support, various sums of money, which the decedent agreed to repay on demand, with interest; that subsequently the decedent, with the knowledge and approval of her husband, transferred to the plaintiff various articles of personal property belonging to her as security for the payment of moneys so loaned and advanced. The complaint then alleges in this cause of action that by reason of the facts stated the plaintiff has, and at the time of the commencement of this action had, a special property in, or lien on, and right to possession of, the articles transferred to and held by him as security for such loans and advances, and that no part of the money had been repaid. The defendant is sued as administrator of the estate of his deceased wife, and as such, it is alleged, he claims an interest in the property, which interest, it is further alleged, is subordinate to the plaintiff's right and title. Respecting this cause of action, the demand for relief in the complaint is that judgment may be rendered against the administrator for a sum of money, and that the amount of the lien of the plaintiff be determined, and that a sale of the property may be directed to satisfy the lien, and that the proceeds be applied to the payment of the amount of the lien, and, if any surplus remains, that it may be awarded to the defendant. We think that this cause of action is susceptible of no other construction than that it is intended to reach the ultimate object of the foreclosure of a lien. The cause of action is to be tested by the allegations of the complaint and the demand for judgment. The learned counsel for the respondent suggests that it may be treated as a cause of action for a money demand, and that all the other allegations of that cause of action may be rejected as surplusage. We do not regard that view of the pleading in its present state as admissible. It would require radical reformation.

The second cause of action is upon an assigned claim against the estate of the decedent for services rendered to her by a third party during her lifetime. The authority for joining causes of action is to be found in section 484 of the Code of Civil Procedure, and it is insisted by the respondent that under the provisions of that

section these two causes of action may be properly joined, and for the reason that by the first subdivision of that section causes of action may be joined where they arise upon contract, express or implied. But it is further provided in that section that it must appear upon the face of the complaint that all the causes of action so united belong to one of the subdivisions of the section, and that they are consistent with each other. Under the provisions of section 167 of the Code of Procedure it was held that, where legal and equitable causes of action arise out of the same transaction, appropriate remedies may be afforded in one action. Lattin v. McCarty, 41 N. Y. 107; Davis v. Morris, 36 N. Y. 569; Parmerter v. Baker (Sup.) 8 N. Y. Supp. 69. Those cases appear to proceed upon the principle that, where a court of equity has acquired jurisdiction of one cause of action, it may afford full relief for every right, legal or equitable, growing out of the same transaction; but we do not find, under the liberal provision of section 484 (which is modeled upon section 167 of its predecessor Code), that it has been held that, where causes of action are entirely separated in their origin and nature, and one is for equitable relief and the other for a common-law demand, those causes of action requiring, as they do, different methods of trial in different branches of the court, and where a single judgment embracing each cause of action would have to be enforced in an entirely different way and by different process, may be united in the same action. No satisfactory definition seems to have been given to that phrase in the provision of the statute that the causes of action must be "consistent with each other," but it would seem that the two causes of action set forth in this complaint are clearly inconsistent with each other. In the first, although a specific amount is claimed, nevertheless the adjustment of that amount is sought. It is asked that a claimed lien be judicially declared, that the plaintiff be authorized to resort to the security in his hands for the enforcement of that lien, and (substantially) that the rights of the parties with respect to the property subject to the lien may be judicially determined. This is purely an equitable action, although it is not strictly one in rem.

The second cause of action bears no relation whatever to the first cause of action. It is as widely separated from it as would be a declaration on a cause of action in tort. The reason, therefore, which authorizes the joinder of causes of action arising out of the same transaction does not apply here, and we are of opinion that the joinder of these two causes of action is not authorized by section 484 of the Code of Civil Procedure, and that the interlocutory judgment overruling the demurrer should be reversed, with costs, and the demurrer sustained, with costs, with liberty to the plaintiff to amend the complaint within 20 days upon the payment of costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. I concur upon the ground that the action to foreclose the lien is not a cause of action on contract within the contemplation of subdivision 1, § 484, Code Civ. Proc.