(112 App. Div. 25)

### DREXEL v. HOLLANDER et al.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

ACTIONS—JOINDER—TORT AND CONTRACT.

Under Code Civ. Proc. § 484, subd. 9, providing that plaintiff may unite causes of action on claims arising out of the same transaction and consistent with each other, an action on the theory that defendant has converted to his own use property belonging to plaintiff cannot be joined with an action on the theory that the title to the property is by agreement in defendant, and demanding payment therefor, though the two causes of action arise out of the same transaction.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, §§ 490–510.]

O'Brien, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by George W. C. Drexel against Elmer R. Hollander and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Almet R. Latson, for appellants.
J. Woolsey Shepard, for respondent.

McLAUGHLIN, J. The defendants appeal from an interlocutory judgment overruling their demurrer to the complaint, upon the ground that the causes of action alleged are inconsistent, and have been improperly joined. The material facts alleged, and admitted by the demurrer, are that a written contract was entered into between the parties, by which the defendants agreed to sell, and the plaintiff to pur-

chase, an automobile for $8,500, $5,500 to be paid in cash, and the balance by the delivery to the defendants of a second-hand automobile, at a valuation of $3,000; that the plaintiff performed on his part by paying the amount of cash stipulated, and delivering the old automobile; that thereafter the defendants were unable to deliver the new automobile, and the contract, by mutual arrangement, was rescinded, and defendants returned to the plaintiff the $5,500 cash paid by him, but neglected and refused to return the old automobile. The first cause of action set out in the complaint sets forth the transaction between the parties, the rescission of the agreement, a demand for the return of the old automobile, and the defendants' refusal, and that they "wrongfully converted the same to their own use," to plaintiff's damage of $3,000. In the second cause of action substantially the same facts are pleaded, except as to the demand of the old machine, defendants' refusal to return, and its wrongful conversion, and alleges an agreement by the defendants, in consideration of the cancellation of the original contract, to return to the plaintiff the purchase money paid, viz., $8,500, no part of which had been repaid except the sum of $5,500, and judgment is demanded for the balance.

The appellants contend that the two causes of action pleaded are inconsistent, and are therefore improperly joined. Whether or not this contention be sound depends upon the construction to be put upon section 484 of the Code of Civil Procedure. The first cause of action being in tort and the second on contract, they do not fall within either of the first eight subdivisions of this section, and cannot be joined under those subdivisions. If properly joined, it is because they come within the provisions of subdivision 9 of the section, which provides that causes of action may be united if they arise "upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section. * * * But it must appear, upon the face of the complaint, that all the causes of action so united belong to one of the foregoing subdivisions of this section; that they are consistent with each other."

It may be assumed, as contended in the opinion of Mr. Justice INGRAHAM, that the facts pleaded show the two causes of action arise out of the same transaction; but are they "consistent with each other?" To this inquiry it seems to me there can be but one answer. The first cause of action proceeds upon the theory that the title to the automobile was in the plaintiff, and that the defendants wrongfully deprived him of it by converting the same to their own use. The second cause of action proceeds upon the theory that the title to the automobile was, by agreement, in the defendants. The causes of action are not only inconsistent, but contradictory. The proof to establish one would destroy the other. For conversion plaintiff would have to prove that at the time the conversion took place he either had the title, or was entitled, by reason of a special property therein, to possession. To recover under the second cause of action plaintiff would have to prove a breach of contract; that the title to the automobile was in defendants, they having purchased it from him at the agreed price of $3,000. The measure of damage in one case would be the value of the automobile at the

time the conversion took place, which might be more or less than $3,000, while in the other case the measure of damage would be the amount which the defendants agreed to pay or apply on the purchase price of the new machine. It is difficult to see how these two causes of action could be tried together, unless the court received evidence first as to one and then as to the other, and, if such trial were had, it is equally, if not more, difficult to imagine how the trial court could properly submit the subject to the jury. The truth is, the nature of the two actions is essentially different. The facts to establish the liability are unlike, the measure of damage is different, and the defense is different. That the causes of action are inconsistent and improperly joined in the complaint seems to be established by the following authorities: Keep v. Kaufman, 56 N. Y. 332; Wiles v. Suydam, 64 N. Y. 173; Conde v. Rogers, 74 App. Div. 147, 77 N. Y. Supp. 518; McClure v. Wilson, 13 App. Div. 274, 43 N. Y. Supp. 209; Teall v. City of Syracuse, 32 Hun, 332.

For these reasons, we think that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). There are two causes of action alleged in the complaint: first, for the conversion of an automobile delivered by the plaintiff to the defendants under a contract by which the defendants sold to the plaintiff an automobile for $8,500, for which the plaintiff was to pay in cash $5,500, and $3,000 by delivering an automobile, the property of the plaintiff, to the defendants. It is alleged in this cause of action that the plaintiff performed the contract on his part, paid the $5,500 in cash, and delivered his automobile to the defendants; that subsequently, the defendants being unable to carry out the contract, it was rescinded, the defendants returning to the plaintiff the sum of $5,500; that the plaintiff has demanded the return of the automobile delivered by him to defendants, but that the defendants failed and refused to return the same, and wrongfully converted the same to their own use. The second cause of action alleges the making of the contract, the performance by the plaintiff, and the cancellation of the contract by mutual consent; the defendants agreeing to return to the plaintiff, as a consideration for such cancellation of the said contract, the purchase money paid by the plaintiff, to wit, the sum of $8,500; that no part of said money has been paid to the plaintiff, except the sum of $5,500, and the complaint demands judgment against the defendants for the sum of $3,000, with interest.

The defendants demurred to the complaint upon the ground that several causes of action had been improperly united in said complaint, namely; that a cause of action in tort is therein joined with a cause of action on contract, and that the said several causes of action are not consistent with each other. This demurrer was overruled at the Special Term, and the defendants appeal.

These two causes of action arose out of the same transaction. The

first cause of action is based upon a conversion by the defendants of the plaintiff's property. To sustain this cause of action the plaintiff must prove that he was entitled to the possession of the automobile that he had delivered to the defendants, and that by the refusal of the defendants to deliver it to him the defendants converted it to their own use. The second cause of action is based upon an agreement by the defendants to return the consideration that the plaintiff had paid upon the contract to sell and deliver to the plaintiff an automobile for the sum of $8,500, of which sum the defendants had returned to the plaintiff $5,500, leaving still owing by the defendants to the plaintiff the sum of $3,000, for which the plaintiff asks judgment.

Section 484 of the Code of Civil Procedure provides that the plaintiff—

"May unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows: * * * (9) Upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section. * * * But it must appear upon the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdivisions of this section; that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action; and it must appear upon the face of the complaint, that they do not require different places of trial."

The ground upon which the defendants claim that these causes of action cannot be united is that they are not consistent with each other, in that one is based upon a conversion of the plaintiff's property by the defendants, and the other is based upon a violation of a contract by which the defendants agreed to return to the plaintiff the consideration that the plaintiff had paid for the purchase of an automobile from the defendants, and which contract the defendants had failed to perform.

I think that these causes of action are consistent with each other. The fact that the defendants have converted the personal property of the plaintiff is not inconsistent with their agreement to repay to the plaintiff the consideration that the plaintiff paid to them for the sale of the property which they have never delivered, and which obligation arose under a special agreement, by which the contract of sale was rescinded, and the defendants agreed to repay to the plaintiff what he had paid upon the contract.

The second cause of action is not based upon the value of the automobile that the plaintiff had delivered to the defendants, but is based upon an express contract, which included the rescission of the agreement to deliver an automobile to the plaintiff. This does not appear to be inconsistent with a conversion by the defendants of the plaintiff's property. If by the second cause of action the plaintiff had attempted to recover possession of the same automobile which he had alleged in the first cause of action had been converted by the defendants, these two causes of action would have been inconsistent, as by one it is alleged that by the conversion the title to the plaintiff's property passed to the defendants, and therefore the defendants were bound to pay to the plaintiff its value, while an action for replevin would be based upon the right of the plaintiff to the possession of the property, and such

an inconsistency is condemned by the cases cited by the defendants. But here the two causes of action, while arising out of the same transaction, are based upon two distinct obligations; the one an express contract to repay to the plaintiff a sum of money, and the other a liability for the conversion of the plaintiff's property by the defendants. In Teall v. City of Syracuse, 32 Hun, 332, the demurrer was sustained upon the ground that it did not appear in the complaint that both causes of action belonged to one. of the subdivisions of section 484 of the Code of Civil Procedure; the court saying that the first cause of action belonged to the sixth class of the causes of action mentioned in section 484 of the Code, and the second to the first class, and that the ninth subdivision did not aid the respondent, because it did not appear that both causes of action that alleged belonged to one of the subdivisions of the section. But here both of the causes of action did belong to one of the subdivisions of section 484 of the Code, because they were included within the ninth subdivision as claims arising out of the same transaction. The question of the consistency of these two causes of action was not discussed in the opinion, and therefore the case is not in point. What was decided in that case seems to have been disapproved in subsequent cases, as in People v. Wells, 52 App. Div. 583, 65 N. Y. Supp. 319, the Appellate Division in the Fourth Department, after considering the authorities, held:

"As a result of the decisions, however, we think it must now be regarded as settled that, under subdivision 9 of the section, causes of action specified in two or more of the preceding subdivisions—1 to 8 inclusive—may be united if it appears upon the face of the complaint that they arose out of the same transaction, or connected with the same subject of action, are not inconsistent with each other, affect all the parties to the action, and do not require different places of trial."

McClure v. Wilson, 13 App. Div. 274, 43 N. Y. Supp. 209, also relied upon by the appellants, is not at all in point. It was held that the causes of action there set forth were inconsistent, as the first and second were based upon the theory that the contract was invalid between the parties, and was adopted by the corporation, and, because of that, the money belonged to the corporation, and should have been paid over to it; that the third proceeded upon the theory that the contract was invalid and illegal, and no rights were acquired under it, and repudiates it—a situation not presented in this case. I think, therefore, that as it does not appear upon the face of the complaint that these causes of action are inconsistent, the defendants' demurrer fails.

The judgment appealed from should therefore be affirmed, with costs, with leave, however, to the defendants to withdraw the demurrer within 20 days, and answer upon payment of costs in this court and in the court below.

O'BRIEN, P. J. I concur in the opinion of Mr. Justice INGRAHAM, on the ground that the two causes of action are not inconsistent. Both actions proceed on the theory of rescission, and the only inconsistency is in the relief demanded, which upon the trial will be accorded in consonance with the facts proved.