court for a transcript of his minutes. The appeal was subsequently dismissed by the Appellate Term, upon the ground that the amount of costs had not been deposited, and that, therefore, the appeal had not been perfected. Respondent's client was obliged to pay the full amount of the judgment, with costs and keeper's fees, amounting in the aggregate to about $400   It is conclusively established that he received from his client $27 for the stenographer, and that the stenographer delivered the minutes, but has never been paid.

The third charge is that in another case, by the negligence of the respondent, the time to take an appeal from a judgment entered against his client in the Municipal Court had expired, although he had received instructions to take an appeal, and $37 to cover costs and expenses, and that for some considerable time after the respondent knew that the time had expired in which he could take the appeal he deceived his client by the false representation in writing that the appeal was as matter of fact pending. His client was compelled to pay the full amount of the judgment.

The amounts misappropriated are small, and the cases themselves do not involve a large amount of money. These facts, instead of mitigating, aggravate the offense of the attorney. Litigants who seek the inferior courts are peculiarly at the mercy of their attorneys. Their interests are often of greater proportional importance to them than those of litigants who seek higher tribunals.

The only contact with the courts of justice which a very large portion of the population ever has is with the minor courts of criminal and civil jurisdiction. It is of great concern to the community that such contact should result in respect for the courts and confidence in the administration of the law. It is of the utmost importance that honor and fair dealing should be the invariable rule of members of the profession. It is especially so when dealing with the poor and helpless. Amounts involved are of no consequence. The standard which this court requires of its officers is not to be measured in dollars and cents. An attorney who betrays his trust, who deceives his client, not only disgraces himself, but discredits in the minds of those cognizant of his acts the whole administration of justice. Upon the conclusions of the referee, correctly drawn from the facts found, this court cannot hesitate.

The motion to disbar the respondent is granted.

(55 Misc. Rep. 388)

HOAG v. LEHIGH VALLEY R. CO. et al.

(Supreme Court, Special Term, New York County. May, 1907.)

ACTION—JOINDER—TORT AND CONTRACT.

Under Code Civ. Proc. § 484, providing that plaintiff may unite causes of action on claims arising out of the same transaction, but that it must appear on the face of the complaint that the causes of action united are consistent with each other, an action on the theory that defendant has violated the terms of a contract cannot be joined with an action, on the theory that defendant is in the unlawful possession of plaintiff's property, though the two causes of action arise out of the same transaction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 469.]

Action by Sidney S. Hoag against the Lehigh Valley Railroad Company and another. On demurrer to the complaint. Demurrer sustained.

Cowing, White & Wait (William Bell Wait, Jr., and Henry Crofut White, of counsel), for plaintiff.

Kenefick, Cooke & Mitchell (James McCormick Mitchell, of counsel), for defendants.

GIEGERICH, J. The complaint purports to set forth two causes of action, the first one being as follows: That the plaintiff is the owner of record of 216 shares of the preferred stock of the defendant Lehigh & New York Railroad Company, and that his fellow stockholders are numerous, many of them being nonresidents, and that it is impracticable to bring them all before the court. Further, that on or about the 24th day of August, 1895, the defendant Lehigh & New York Railroad Company leased to the defendant Lehigh Valley Railroad Company, for the term of 999 years, all the railroad, property, rights, and privileges belonging to it, and also conveyed to the latter company all its book accounts, bills receivable, money, supplies, etc., so that the latter company came into full possession of all the assets of the former. It is also alleged that by the terms of the lease the lessee company, among other things, agreed to operate and manage the assets and property to the best of its ability, and in good faith and in promotion of the interests of both of the parties defendant by obtaining as large an amount of business as practicable for the demised railroad, and the best practicable rates for such business, and would; in addition to other payments provided in the lease, apply the entire net income arising from the traffic of the leased road and its assets to the payment of dividends on the preferred stock in the manner provided in the lease. Various other agreements contained in the lease on the lessee's part are set forth, and also the fact that that company took possession of all the property and assets and is still in possession thereof, and that it has acquired 90 per cent. of the capital stock of the lessor company and has neglected to perform the terms of the lease, with the purpose and result of operating the lessor company for its own and sole benefit, this being accomplished in various ways, such as allowing the use of terminals and tracks without compensation, and by transporting freight and passengers for less than the actual expense to the lessor company, and by diverting profitable business from that company to other parallel lines operated by the lessee company, all in violation of the terms of the lease. It is also alleged that the plaintiff and other preferred stockholders have been damaged by failing to receive dividends by reason of the aforesaid acts of the lessee company, during which time that company has elected the officers of the other company, and that for the most part its officers are the officers, employés or creatures of that company, and that any suit brought by the officers of the lessor company in the premises would not be prosecuted in good faith or for the purpose of correcting the abuses complained of.

The second cause of action incorporates or contains the same allegations as the first cause of action, except the averments as to the obligations imposed upon the lessee company by the terms of the lease. In

place of such allegations of obligation on the part of the lessee company, it sets forth that the lease in question was and is invalid because entered into by companies owning and operating parallel and competing lines of railroad without obtaining as a prerequisite to such agreement the consent of the board of railroad commissioners thereto, and that the possession and operation of the lessor company's property by the lessee company has been and is unlawful. As I read this complaint, the first cause of action is for a breach of contract, while the second cause of action is for the unlawful possession and use of property. McClure v. Wilson, 13 App. Div. 274, 43 N. Y. Supp. 209, presents an authority strongly in point, where the court held that two of the causes of action were based upon the theory that the contract pleaded was valid and that moneys belonged to the corporation because of that contract, and should have been paid over, while the other cause of action proceeded upon the theory that the contract was invalid and illegal and sought to recover damages for what had been done by virtue of it. See, also, Drexel v. Hollander, 112 App. Div. 25, 98 N. Y. Supp. 104; Edison Elec. Illuminating Co. of B'klyn v. Kalbfleisch, 117 App. Div. 842, 102 N. Y. Supp. 1039. So, in this case, the first cause of action pleads what the second cause of action omits, namely, the various obligations which the lessee company assumed under the contract, and its failure to perform such obligations, while the second cause of action omits such obligations and proceeds on the theory of obtaining redress for a wrongful possession and use of the property, such possession having been accomplished by virtue of the contract, which contract, so far as this cause of action is concerned, appears to be pleaded only for the purpose of showing how such possession came about.

Under section 484 of the Code of Civil Procedure it is required that it appear upon the face of the complaint that the causes of action joined are consistent with each other, which requirement is not fulfilled in this case. In support of the complaint, the decision in Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667, is cited where part of the relief sought was to set aside a written contract entered into through the defendants as trustees pursuant to a fraudulent conspiracy upon which the main cause of action was founded. But in that case the cause of action upon the contract was, as the court said, incidental to and consistent with the main cause of action, while in the present case, just as in McClure v. Wilson, supra, an attempt is made to put two different and conflicting constructions upon the same transactions, treating it in one breath as a contract broken and in the next breath as something unsanctioned by contract from the beginning. The prayer for relief throws little, if any, light upon the plaintiff's theory of action. Although two causes of action are separately stated and numbered, the prayer for relief is single in form. The terms used, however, are such as to fit both a contract and a tort. For instance, an account is asked of all the dealings and transactions between the two defendant corporations "under or in connection with or on account of the said purported lease, whether directly or indirectly"; that is to say, if the lease is valid, then under the lease, while, if the lease was invalid ab initio, then transactions in

connection with the same. So, too, it is prayed that in taking such account the lessee company be charged with all revenue, income, benefit, and advantage wrongfully or improperly obtained by it as a result of its management, control, and operation of the lessor company. The complaint is by no means clear, nor is the theory of the pleader sharply defined, but, all things considered, I think it should be held that the two causes of action set forth, although arising out of the same transaction, are inconsistent, and therefore improperly joined under section 484 of the Code of Civil Procedure.

The conclusion reached on this point renders it unnecessary to consider the other points raised and discussed in the briefs.

The demurrer is therefore sustained, with costs, with leave to the plaintiff to amend within 20 days on payment of costs.