CHARLES F. PENNINGTON, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 371. Argued April 8, 1942.—Decided April 20, 1942.

*José Sabater* for petitioner. The respondent judge appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a petition for a writ of mandamus directed to the District Court of Mayagüez to compel the judge thereof to dismiss a prosecution for assault and battery brought against

the petitioner in a municipal court and taken on appeal to said district court.

It appears from the record that on July 11, 1941, Primitivo Casiano, District Police Chief, filed a complaint in the Municipal Court of Mayagüez against Charles F. Pennington, petitioner herein, charging him with assault and battery on Atherton Lee by using his fists. At the foot of the complaint the following appears:

"Witnesses: Atherton Lee, Minnie Burjess, K. A. Barlett, W. R. Bailey and C. Alemar, residing in the Mayagüez Experimental Station, P. R."

After the proper trial the municipal court on July 19, 1941, rendered judgment finding the defendant guilty and sentencing him to pay a fine of $40.

Pennington appealed to the district court and filed therein the record of the case on September 23, 1941. The case was set for trial on November 28, 1941, and the court, on motion of the prosecution to which the accused objected, postponed the trial on the ground of the absence of one of the witnesses.

The trial was set again to take place on March 11, 1942, and on March 6, the accused filed a motion to dismiss the prosecution on the ground that from July 19, 1941, when he appealed, eight months less thirteen days had elapsed without the trial being held; and alleged that he had not caused such delay.

The hearing of the motion was also set for March 11, and after hearing both parties the court denied the motion. Thereupon the accused applied to this court for a writ of mandamus.

In opposing the issuance of the writ, the district court filed a certified stenographic transcript of the proceedings had at the hearing of the motion to dismiss the prosecution. When said motion was called for hearing, the judge and the

accused made some statements in connection therewith, and the proceedings went on and closed as follows:

"Acting District Attorney: The prosecution is compelled to object, because it is the opinion of this prosecuting attorney that this is one of the cases involving good cause which is comprised in subdivision 2 of §448 of the Code of Criminal Procedure. I think that there can be no better excuse for delay than the one existing in this particular case, inasmuch as the alleged victim, Mr. Atherton Lee, for reasons beyond his control and contrary to his desire and will, has had to accept positions of trust of a diplomatic character—diplomatic missions—and is just now traveling in South America. It seems to us that this positive fact, of which the court as well as the learned counsel for the defense is aware, is more than sufficient justification for the delay, under subdivision 2 of §448 of the Code of Criminal Procedure. I can say, moreover, that upon the return of Mr. Lee, who is also concerned in this matter, the case can be tried.

"Attorney Sabater: If Mr. Lee, for any cause connected with his office, should absent himself periodically from Puerto Rico and fail to appear, do you not think that such an excuse would always keep the accused burdened with the prosecution?

"Judge: Well, not always.

"Attorney Sabater: I wish to state that Mr. Lee was in the city of Mayagüez during the whole month of December and until the other day. What I want is to have Mr. Pennington, who is the accused in this case and is present here, as he has always been, to testify before the court on this particular.

"Judge: It is unnecessary, inasmuch as this motion is of a legal character.

"Attorney Sabater: That the legal term has expired; as to this there is no question.

"Judge: Since the victim of the assault, Mr. Lee, who is a material witness for the prosecution, is absent against his will in Guatemala on a diplomatic mission as an agent of the United States Government, I want the attorney to tell me whether or not this constitutes a good cause for the delay. The court has been advised not only by the district attorney, who has so stated verbally, but also by the witness Carmelo Alemar, who is a high official of the Federal Government in the Mayagüez Experimental Station, that the witness Mr. Lee is at present in Guatemala but that he will be back very soon, as appears from a letter he has received from him, and that he is away on a diplomatic mission of the Federal Government of the United States

of America, from which he will return soon in order to be able to attend the trial of this case. The court thinks that in a case of assault and battery, like the one charged against the accused Charles F. Pennington, the victim is the principal witness and, in his absence, the court is of the opinion that the district attorney is justified in not having the case tried because no conviction could be had against the accused, assuming that the offense charged had been committed. The court further thinks that this case has not been arbitrarily postponed, since it has not been possible to produce by any process whatever the prosecuting witness Mr. Lee and that if he is absent, against his will, from Puerto Rico, in the performance of official duties assigned to him by the Government of the United States of America under which he works in the Mayagüez Experimental Station, there is good cause for not holding the trial of this case. For that reason the court denies the motion to dismiss the prosecution in the present case and notes the fact that the accused has appeared in court on the two occasions when the cause has been set for trial, for the purpose of his defense at the proper time.

"Attorney Sabater: May we know when the case will again be set for trial?

"Judge: Upon the arrival of Mr. Lee, no matter when.

"Attorney Sabater: We take exception to the ruling of the court."

■ The applicable law is to be found in subdivision 2 of §448 of the Code of Criminal Procedure, which says: "The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases: . . . ; 2. If a defendant, whose trial has not be postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

Ever since 1916—*Dyer v. Rossy*, 23 P.R.R. 718—that legal provision has been applied to cases taken on appeal to the district courts where a trial *de novo* is held, the time for appeal being computed from the filing of the record in the district court.

There is no question as to the fact that the period of 120 days had fully expired. The only question open to discussion is whether there was good cause for postponing the trial.

■■ We know the facts. It is unquestionable that the absence of the prosecuting witness might have been sufficient ground for the postponement, provided the other requisites established by the decisions in such cases had been complied with. In *Dyer* v. *Rossy, supra,* this court speaking through Mr. Justice Wolf said:

"In *Ford* v. *Superior Court*, 118 Pac. 99, the rules for a motion for a continuance are laid down as follows: ''Three things are necessary to put off a trial: First, that the witness is really material and appears to the court to be so; secondly, that the party who applies has been guilty of no neglect; and thirdly, that the witness can be had at the time to which the trial has been deferred;'' in other words, the materiality must be shown. 6 R.C.L. 556; 74 A.D. 147.

"Our own Code of Civil Procedure declares the law:

"'Sec. 202.—A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain . . .'"

In the case at bar the district attorney failed to show that the testimony of the prosecuting witness was material and could not be substituted with one or more of the other witnesses whose names appear at the foot of the information and who may have been present at the commission of the offense.

Nor did he show diligence. Rather does it appear from the allegations of the accused, which he sought to prove but the court refused to give him an opportunity to do so, that if the district attorney had been diligent the trial might have been had at the time of the return of the injured party to this island after his last absence.

■ Lastly, the holding of the trial at a subsequent date became uncertain, as it was made to depend upon the return to this island of the prosecuting witness at a time which could not be determined, and this is contrary to the right to a speedy trial which is guaranteed by law to every accused.

The peremptory writ of mandamus sought must be issued.

Mr. Justice Travieso did not participate herein.