John Cullen and Thomas Dwyer, Respondents, *v.* John H. Shipway and Others, Appellants.

*Arbitrator — he can decide only the particular question submitted to him.*

The power of arbitrators is confined strictly to the matters submitted to them for determination, and any award made by them not limited to the decision of the particular question submitted to them is void.

Appeal by the defendants, John H. Shipway and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 18th day of June, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, setting aside an award made by an arbitrator.

*Frederick Hulse,* for the appellants.

*Charles J. Hardy,* for the respondents.

McLaughlin, J.:

The defendants entered into a contract with the plaintiffs to furnish and set all the marble and marble mosaic work required in the construction of an addition to the Metropolitan Museum of Art in the city of New York. The contract consisted of a written proposition in the form of a letter from the defendants to the plaintiffs, and their acceptance of the same. The following is so much of it as is material to the question presented on this appeal:

"New York, *September* 10th, 1898.
" Messrs. Cullen & Dwyer,
"107th St. & First Ave. :

" Gentlemen.— We propose to furnish and set all the marble and marble mosaic work, according to the plans and specifications of R. H. Hunt, Esquire, architect, that is required in the new building of the Metropolitan Museum of Art, for the sum of eighteen thousand dollars. We further agree that should the quantity of terrazzo granite center be less than 39,000 feet, we will make you an allowance of twenty cents per foot; should the quantity of mosaic border be less than 5,000 square feet, we shall make you an allowance of one dollar per square foot; should the quantity of base be

less than 3,800 lineal feet, we will make you an allowance of a dollar and a half per lineal foot.  \*  \*  \*  Please send us a written acceptance of this letter and oblige,

"Yours very truly,

"JOHN H. SHIPWAY & BRO."

The plaintiffs answered this letter as follows:

"NEW YORK, *Sept. 14th,* 1898.

"Messrs. JOHN H. SHIPWAY & BROTHER:

"GENTLEMEN.— We hereby accept your estimate of the 10th inst. on the marble and marble mosaic work at the Metropolitan Museum of Art, New York city, for the sum of $18,000.00.

"Yours truly,

"CULLEN & DWYER."

Immediately following the receipt of this letter the defendants commenced to and thereafter completed the work contemplated, and a dispute then arose as to the amount due for the work performed and materials furnished. The question in dispute was, by consent, referred to two arbitrators who, being unable to agree, selected, with a like consent, a third one. The third arbitrator, "without consultation with either of the other original arbitrators, or without hearing anew any of the witnesses, and without having heard any of the testimony taken, although the testimony as taken had been reduced to typewriting for the use by the third arbitrator," made an award in defendants' favor, and thereupon the plaintiffs brought this action to set aside the same. They were successful at the Special Term, and it is from the judgment there entered that the defendants have appealed.

We are of the opinion that the award was properly set aside upon the ground that the third arbitrator exceeded the jurisdiction conferred upon him by the parties. The real question in dispute, and this is what the parties agreed to arbitrate, was whether the plaintiffs were entitled to certain credits by way of rebates, and this depended upon whether the original contract, as set forth in the letters hereinbefore quoted and which is designated as contract No. 1, was in force, or whether that contract was superseded by another one relating to extra work, designated No. 2. The plaintiffs contended that contract No. 1 was in force, while the defendants insisted

they were not bound by that, but by contract No. 2. There was no dispute between the parties but that if contract No. 1 were in force, the plaintiffs were entitled to the rebates therein provided. Thus, at the opening of the hearing before the two arbitrators originally selected, one of the defendants, in stating what the defendants claimed, said : " We have completed our work according to these last plans and have rendered our bill as agreed, and Messrs. Cullen & Dwyer refuse to pay same, on the ground that they are entitled to certain reductions which were provided for in contract No. 1. We, on the other hand, claim that we are entitled to the full amount, according to our agreement with the architects and Messrs. Cullen & Dwyer." The agreement referred to with the architects is the one designated No. 2, and when one of the defendants was asked by one of the arbitrators as to the nature of the dispute, he replied : " We claim that contract No. 1 is void and that at the time we made contract No. 2 with the architects and Cullen & Dwyer, that Messrs. Cullen & Dwyer were aware of the fact that the three items of deduction were eliminated, because while we knew that according to contract No. 1 a certain credit would be due Messrs. Cullen & Dwyer, for base omitted, we also knew that the work we were putting in would cost us considerably more than the original contract and that one item would about offset the other." This was the issue which the parties agreed to arbitrate and all of the testimony offered by them was directed to this issue and nothing else, and yet the third arbitrator, without consultation with either of his colleagues, and without the knowledge or consent of the parties, held that their rights were to be determined by contract No. 1, and, under that contract, the plaintiffs (having accepted it " without conditions ") were obligated to pay to the defendants $18,000, and were not entitled to any rebate whatever, no matter how little of the stone mentioned as entitling them to a rebate was used. This was a matter which had never been referred, and for the obvious reason that both of the parties agreed that under contract No. 1 the plaintiffs were entitled to a credit or rebate and the arbitrator had no power to determine otherwise. He had no jurisdiction to pass upon the question and the conclusion reached by him was not binding upon the parties. The rule seems to be well settled that the power of arbitrators is confined strictly to the

matters submitted to them for determination and any award made on any other subject is void. (*Dodds* v. *Hakes*, 114 N. Y. 263.) In the case just cited the court said : " The law is well settled that the power of arbitrators is confined strictly to the matters submitted to them, and if they exceed that limit their award will, in general, be void. They cannot decide upon their own jurisdiction, nor take upon themselves authority by deciding that they have it, but must, in fact, have it under the agreement of the parties whose differences are submitted to them before their award can have any validity, and the fact of jurisdiction, when their decision is challenged, is always open to inquiry."

Here the arbitrators were not asked to construe contract No. 1, or determine its legal effect, and when the third arbitrator proceeded to do that he was doing what the parties had never agreed he should do, and, as already stated, he, therefore, acted without jurisdiction, his award was void and was properly so held by the Special Term.

Other questions are presented on the appeal, but after an examination of them, it seems necessary to consider only one. Pending the hearing before the arbitrators, the plaintiffs obtained from the city the amount due from it to them, as contractors, out of which they deposited in the Twelfth Ward Bank a sum sufficient to pay defendants' claim, if they succeeded in establishing it before the arbitrators.

The judgment appealed from not only set aside the award, but enjoined the defendants from drawing this money from the bank. We are of the opinion that this was properly done. Defendants are not entitled to that money, nor have they any interest in it. The money was deposited only to satisfy the award, if made. This being so — the award being set aside — the court very properly enjoined the defendants from drawing the money. The judgment is right and should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.