"If this were an original question, we would decide it in accordance with our own views as herein expressed; but we feel constrained to follow Jones v. Butler, Garrett v. Wood, No. 2, and Chase v. Drake, supra, and leave it to the Court of Appeals to decide whether those cases properly construe the provisions of the Code of Civil Procedure."

The case just quoted, even if it were similar in its facts to the present one, is, therefore, not an authority in the plaintiff's favor. The facts, however, in the two cases were entirely different. The former was a common-law action for work, labor, and services performed and materials furnished. The defendant demurred upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and the demurrer was sustained, with leave to the plaintiff to amend on payment of costs. This action is in equity to enjoin and restrain the defendants from collecting and causing the filth, waste, dirty water, and other unwholesome, ill-smelling, and obnoxious substances to flow, empty, or discharge over, in, and upon the plaintiff's lands, and from permitting the same to be done, and particularly that the defendant the city of New York, its officers, agents, servants, and employés, and each of them, be enjoined and restrained from proceeding with or carrying out its and their threat, attempt, and effort to connect or permit the connection of other and additional premises in the village of Wakefield, New York City, with the Becker drain or sewer, and thus increasing the flow of filthy substance over, in, and upon plaintiff's land, and also for the sum of $10,000 damages. That the justice who wrote the opinion of the court in De Turckheim v. Thomas, supra, intended to limit the application of his views to cases of that class is evident from this language (page 128 of 113 App. Div., and page 108 of 99 N. Y. Supp.):

"I am therefore of the opinion that where a demurrer to the entire complaint in a common-law action is sustained, and leave is given to the plaintiff to amend, the defendant is entitled as a matter of right, on entering the interlocutory judgment, to tax full costs to that time, and then, if leave to amend be not accepted, on entering final judgment he would only be entitled to tax the costs of entering the final judgment."

In the case at bar the original pleadings stand and the issues are still to be tried, and the judgment entered upon the demurrer was simply interlocutory, and not final. It results from these views that the clerk was right in disallowing costs before notice of trial.

Motion denied.

---

(117 App. Div. 477)

### In re BURKE et al.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

**1. ARBITRATION AND AWARD—SUBMISSION—CONSTRUCTION—INTEREST.**

Where a submission to arbitration provided that the parties agreed to submit all manner of actions, cause or causes of action, suits, controversies, claims, and demands whatsoever then pending and existing between them, the question whether either party was entitled to interest on the balance found to be due was within the terms of the submission.

**2. SAME—AWARD—CORRECTION—GROUNDS.**

Code Civ. Proc. § 2373, provides that the court must grant an order of confirmation of an award, unless it is vacated or corrected as specified in the succeeding sections, which authorize modification and correction for

102 N.Y.S.—50

evident miscalculation of figures, or mistake in the description of any person, thing, or property referred to in the award, where the arbitrators have awarded on a matter not submitted to them and not affecting the merits of the decision on the matters submitted, and where the award is imperfect in matter of form, not affecting the merits of the controversy, etc. *Held,* that confirmation of an award could not be refused because the arbitrators allowed interest which contestant claimed to be improper.

3. APPEAL—ABSENCE OF EVIDENCE—PRESUMPTIONS.

On appeal from an order denying a motion to modify an award by striking an allowance of interest, it would be presumed, in the absence of the evidence, that facts were disclosed which justified the allowance of interest on the amount which the arbitrator found to be due.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3673–3678.]

Scott and Lambert, JJ., dissenting.

Appeal from Special Term, New York County.

Arbitration between Luke A. Burke and Henry Corn. From a judgment entered in favor of Burke on an award by an arbitrator, Corn appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

George Hahn, for appellant.
Eidlitz & Hulse, for respondent.

HOUGHTON, J.   The appellant, Corn, was the owner, and the respondent, Burke, the contractor for the erection, of a building.   Controversies having arisen as to the amount due the contractor under his contract and for extra work, and as to the amount which should be deducted therefrom in favor of the owner, the parties entered into a written agreement to arbitrate their differences before a single arbitrator, agreed upon, with the further stipulation that his decision should be final and that judgment might be entered thereon.   The particular form of submission reads as follows: "That the parties hereto do hereby, pursuant to chapter 17, tit. 8, of the Code of Civil Procedure, submit all and all manner of actions, cause and causes of actions, suits, controversies, claims, and demands whatsoever now pending and existing by and between them" respecting the amount due from the owner to the contractor under the contract and for extra work, and the amount due from the contractor to the owner respecting various claims made by him arising out of such contract or in connection with alterations on the building or to such contract.   After hearing the evidence adduced by the parties and the proofs submitted by them, the arbitrator made an award as follows:

"That there is due to Luke A. Burke from Henry Corn, on account of the matters and things set forth in the said agreement of arbitration, after making deductions and allowances in favor of said Henry Corn from the amount claimed by said Luke A. Burke, the sum of $45,387.18, with interest thereon from June 1, 1904, being the sum of $5,900.33, amounting in the aggregate to the sum of $51,287.51."

The appellant paid the principal sum awarded, but refused to pay the amount allowed as interest, and moved that the award be modified by striking the same therefrom, which motion was denied, and the award

confirmed, and judgment directed to be entered for the unpaid balance, and from such disposition of the matter this appeal is taken. The appellant insists, first, that the matter of interest was not within the submission of arbitration; and, second, that the nature of the claims between the two parties was such that as matter of law interest could not be allowed.

The question whether either party should have interest on any sum which might be due him from the other was clearly within the terms of the submission of arbitration. All manner of claims and demands were submitted. It is not necessary there should be any agreement for interest in order to permit a party to recover it. Whenever a debtor is in default for not paying money in pursuance of his contract, he is chargeable with interest from the time of default on the specified amount of money which should have been paid. Van Rensselaer v. Jewett, 2 N. Y. 135, 51 Am. Dec. 275; White v. Miller, 78 N. Y. 393. 34 Am. Rep. 544; Sweeny v. City of New York, 173 N. Y. 414, 66 N. E. 101. Interest follows the claim by way of damages for failure to pay when the party is obligated so to do. It was not necessary in the agreement of arbitration, therefore, to specify whether or not interest should be allowed, for interest followed as matter of law the determination that a certain sum, known to the party obligated, was due and payable to the other on a particular day. The matter of interest was therefore embraced within the submission to arbitrate, and the question as to whether or not it should have been allowed under any given state of facts was properly before the arbitrator. Whether or not, as matter of law, any interest should have been allowed the respondent on his claim, this court cannot now decide. There is nothing on the face of the award showing that the arbitrator decided wrongly in this respect, and his determination, therefore, is final in that regard.

The Code of Civil Procedure contains specific directions with respect to the confirmation and correction or modification of an award. By section 2373 it is provided that the court must grant an order of confirmation "unless the award is vacated or corrected as specified in the next two sections." The grounds upon which an award may be vacated are not involved on this appeal, and it is unnecessary to refer to them. The three grounds specified by section 2375 upon which an award may be modified or corrected are as follows:

"(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award. (2) Where the arbitrators have awarded upon a matter not submitted to them, not affecting the merits of the decision upon the matters submitted. (3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy, and, if it had been a referee's report, the defect could have been amended or disregarded by the court."

In such cases the court may modify and correct the award, so as to effect the intent thereof and promote justice between the parties. It is manifest that the complaint with respect to the award involved on this appeal does not fall within any of the subdivisions above quoted, if it be assumed, as has been, that the question of interest was embraced within the submission of the award to the arbitrator.

Matter of Wilkins, 169 N. Y. 494, 62 N. E. 575, contains the latest discussion by the Court of Appeals of the question of the conclusiveness of awards. In the course of the opinion Martin, J., says:

"Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, whether as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction, and is not guilty of fraud, corruption, or other misconduct affecting his award, it is unassailable, operates as a final and conclusive judgment, and, however disappointing it may be, the parties must abide by it."

The opinion proceeds further to discuss the provisions of the Code of Civil Procedure permitting the setting aside, correcting, or modifying of an award, and concludes that courts have no powers of review other than those specified by the various sections of the Code.

The cases of Dodds v. Hakes, 114 N. Y. 260, 21 N. E. 398, and Cullen v. Shipway, 78 App. Div. 130, 79 N. Y. Supp. 627, do not hold to the contrary. In each of these cases actions were brought to set aside an award made upon a parol arbitration, and both turned upon the proposition that the arbitrators exceeded their jurisdiction and passed upon matters not submitted to them. Here the question of interest was within the scope of the submission, and, even if the arbitrator erroneously allowed it, the appellant is without remedy.

But upon the merits it is by no means clear that the arbitrator erred in allowing interest. The evidence adduced before him is not before the court on this appeal. It is only where the amounts due are incapable of being ascertained by computation that the allowance of interest is improper. Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493. In an action upon a contract for work done and materials furnished, which provided that the contractors were to be allowed a specific price for each item of labor or materials furnished, they are entitled, upon recovery, to interest upon their claim from the time of demand for its payment. Sweeny v. City of New York, supra. The arbitrator allowed interest only from a time subsequent to the furnishing of all material and the performing of all work, and after respondent demanded that he be paid. It is possible that, if we had the evidence before us which was adduced before him, we might say that the amounts due from the appellant to respondent were incapable of being ascertained by computation, and, therefore, that interest could not be allowed. On the other hand, it is entirely possible that such evidence would disclose that certain sums were due the respondent, and that the parties agreed upon deductions and the price to be paid for extra work, so that whatever remained due the respondent was entirely a matter of computation, and hence that interest would follow. The question is, not whether the respondent was in fact entitled to interest, but rather whether facts might have been disclosed which showed that he was entitled to it. The presumption, even if the award be not conclusive, is in favor of its correctness, and certainly, in the absence of the evidence, it must be presumed that facts were disclosed which did entitle the respondent to interest on the

amount which the arbitrator found due him and which he had demanded should be paid.

Not only, therefore, should the judgment be affirmed, because the award is conclusive upon the parties, but also because a state of facts might have been proven, and presumptively were proven, which would entitle the respondent to interest as matter of law.

PATTERSON, P. J., and McLAUGHLIN, J., concur.

SCOTT, J. (dissenting).    It clearly appears from the papers used on the motion below that the controversy between the parties arose out of a building contract under which the respondent claimed the unpaid balance of the contract price, as well as a sum for "overtime" work, while the appellant claimed that the respondent failed to perform the contract according to its terms, whereby he asserted a right of counterclaim or set-off against any amount found to be due to respondent. It is apparent, and not questioned, that the amount due to respondent under these circumstances was unliquidated, and it is now settled that the respondent was not entitled to recover interest on the balance that might be found due him, after the deduction of the damages for defective work or inferior materials.    Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493.    It must be conceded, therefore, that the arbitrator erred in awarding interest on the net amount which he found to be due to the respondent.    It is the unquestioned and well-settled law of this state that the awards of arbitrators are, if possible, to be upheld, and that all reasonable intendments and presumptions are to be indulged in their support, and they will not generally be overruled for errors of law or fact on the part of the arbitrator.    But this rule is subject to the qualification that an award may be corrected, or, if necessary, set aside, for palpable errors of fact, such as a miscalculation of figures, or for any error of law, where the error is patent upon the face of the award and it appears that the arbitrator intended to decide according to the law, but did not; the reason being that in making such correction the court merely carries into effect the intention of the arbitrator.    And it is not necessary that it should appear by express statement in the award that the arbitrator intended to decide according to law, in order to give the court power to review.    It is sufficient if this be shown by clear and necessary inference.    Fudickar v. Guard. Mut. Life Ins. Co., 62 N. Y. 392.

In the present case the arbitrator has struck a balance between the parties, and has found the sum due from appellant to respondent, and has then added interest to that sum.    It is clear that he awarded this interest because he believed that the respondent was entitled to it as matter of law, and his own affidavit is to that effect. I think that it is within the power of the court to correct the award. Section 2375, Code of Civil Procedure, gives very wide power in that respect.    It authorizes the court to modify or correct the award as follows:

"When the arbitrators have awarded upon a matter not submitted to them. not affecting the merits of the decision upon the matters submitted."

The submission signed by the parties committed to the decision of the arbitrator "all and all manner of actions, suits, controversies, claims, and demands whatsoever now pending by and between them as aforesaid." The preamble states the nature of the controversies. It recites the execution of the building contract, and that controversies had arisen between the parties as to what amount, if any, was due to respondent from appellant on account of the work performed and materials furnished, whether under contract or otherwise, and also what amount, if any, was due to respondent from appellant with regard to the various claims made on behalf of the respondent against the appellant arising out of said contract, or in connection with the alterations on said building, and also as to what amount, if any, was due to the appellant from the respondent with regard to the various claims made on behalf of the appellant against the respondent arising out of said contract, or in connection with said alterations.

It will be seen, from a careful reading of the submission, that nothing was committed to the determination of the arbitrator except the amounts then due from each to the other of the parties to the submission. Nothing whatever is said about interest, and it seems to be quite clear that whether or not interest should be allowed upon the balance found due from either to the other was left as a matter to be determined by the law, and was not included in the submission as a matter to be arbitrated. It seems to me to be equally clear that the arbitrator, having found the balance, intended to include the interest in his award only because he believed that the law awarded it under the circumstances. By striking the interest out, the arbitrator's award upon the matters strictly submitted to him will not be disturbed, and the question of interest will be disposed of according to law, as it was his evident intention that it should be. In this way the true intention of the arbitrator will be carried into effect. Fortunately the arbitrator has so framed his award, stating separately the balance found due and the interest, that no difficulty will be experienced in making the proper correction.

The judgment appealed from should therefore be modified, by striking therefrom the award of $5,900.33 interest, and, as modified, affirmed, with costs to appellant.

LAMBERT, J., concurs.