### SHIRLEY v. BERNHEIM.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

PLEADING—COMPLAINT—AMENDMENT.

Plaintiff alleged that, while he was the owner and in possession of 1,-600 shares of certain stock, he pledged it to defendant for a loan of $800; that he had tendered payment of the loan, with interest, and demanded the return of the stock, but that defendant refused to deliver the stock, and had converted it. The answer denied that the stock was delivered as collateral security and pleaded a counterclaim for the amount of the loan and interest. Plaintiff, in reply, reiterated his allegation of the giving of the stock as security, and averred his readiness to pay the note and interest on the return of the stock. As the case was about to be called for

trial, plaintiff applied for leave to amend by filing an additional alternative cause of action alleging that the 1,600 shares were delivered to defendant of which 800 were given as collateral security and 800 as a bonus, and that the transaction was usurious and void. *Held*, that plaintiff should have been permitted to file such amendment on payment of costs of the action to the date of the order, costs of the motion, and filing a stipulation that, if he recovered judgment, the amount due on the note, with legal interest to the date of the trial should be deducted therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 686–709.]

Patterson, P. J., and Clarke, J., dissenting.

Appeal from Special Term.

Action by James Shirley against Lee S. Bernheim. From an order denying plaintiff's motion for leave to amend his complaint, he appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred B. Cruikshank, for appellant.
J. Garfield Moses, for respondent.

SCOTT, J. The plaintiff appeals from an order denying his motion to amend the complaint. The action was begun in October, 1906. This motion was made in November, 1907, when it was probable that the cause would shortly be reached for trial. The action is for damages for the conversion of 1,600 shares of mining stock. The complaint alleges that in December, 1905, plaintiff, being the owner and in possession of 1,600 shares of the capital stock of the Giroux Consolidated Mines Company, obtained from defendant a loan of $8,000, for which he gave his promissory note payable in six months, and also delivered to defendant, as security for said loan, the aforesaid 1,600 shares of stock; that after said note became due plaintiff tendered to defendant the amount due on said note with interest, and demanded a return of said stock, but defendant refused to deliver said stock to plaintiff, but has disposed of and converted said stock to his own use to plaintiff's damage. The answer admits the loan, and the demand for the return of the stock, but denies that the 1,600 shares of stock were delivered as collateral security, and sets up a counterclaim for the amount of the loan and interest. In reply plaintiff reiterates his allegation of the loan and the giving of the stock as security, and his demand and tender, and asserts that he is ready and always has been ready to pay the note, with interest, upon the return and delivery to him of said shares of stock.

It now appears that defendant will claim, and perhaps will establish by proof, that only 800 shares of the stock were given as collateral security for the note, and that the other 800 shares were given by plaintiff to defendant as a bonus for making the loan. The defendant himself, who is a nonresident, makes no affidavit, but certain of his attorneys have made affidavits, in which, without expressly admitting the giving of the 800 shares of stock as a bonus, they do not deny it, but content themselves with statements and arguments intended to show that the plaintiff and his attorneys must have known at the time the complaint was drawn just what the actual facts regarding

the transaction were. The object of the amendment is to insert in the complaint a second and alternative cause of action, stating the facts as it is now understood that the defendant will claim that they were, to wit, that at the time of making the loan 1,600 shares were delivered to defendant, of which 800 were given as collateral security for the note, and 800 as a bonus, and further alleging that this transaction was usurious and void. It is not a fatal objection to the amendment that the plaintiff, if allowed to amend the complaint, will give two apparently inconsistent statements of the transaction upon which his cause of action rests. Upon two vital points there will be no discrepancy, namely, that a loan of $8,000 was made and a note given for it, and that at the same time 1,600 shares of stock were delivered to defendant. It is not possible to forecast what the evidence will show as to the purpose for which the stock was delivered, and equally impossible to tell which version of the transaction will be accepted by the jury. If the plaintiff is required to go to trial upon the theory that the whole 1,600 shares were given as collateral, and the evidence shows that only 800 shares were given as collateral and the remainder as a bonus, the plaintiff would be compelled to bring a second action, which it would be his right to do. We should then have arrived at the very position the case will be in if the amendment be allowed, except that there would be two trials instead of one; nor is it an insuperable objection to the amendment that by its means the plaintiff seeks to attack the transaction as usurious. An amendment should not be discriminated against merely because it involves or sets up usury, if it appears that the party seeking to plead it does not seek thereby to gain an unfair or inequitable advantage over his adversary. In the present case the plaintiff frankly admits his indebtedness, and repeatedly expresses his entire willingness to pay it, if he can but secure the return or the value of his stock. If the defendant did, in fact, exact an usurious loan, there is certainly no inequity in requiring him to surrender the consideration upon receiving payment of his loan, with interest. The plaintiff has delayed his application for leave to amend, but the granting of the motion will not necessarily delay the trial, nor require the production at the trial of any evidence that would not be necessary under the pleadings as they now stand. Upon the whole, we think that the plaintiff should be permitted to so frame his complaint as to conform to the state of facts that may develop at the trial, but such amendment must be made upon terms that will prevent hardship to the defendant.

The order appealed from will therefore be reversed without costs, and the motion granted, upon condition that plaintiff within 10 days after the entry of the order hereon pay to the attorneys for the defendant all costs of the action to the date of the order, and $10 costs of motion, and serve on said attorneys a stipulation that, if judgment be rendered in favor of the plaintiff, there shall be deducted from the damages recovered the amount due upon plaintiff's note, with legal interest to the date of trial. All concur, except PATTERSON, P. J., and CLARKE, J., who dissent.