a contract which contained conditions in addition to those contained in the existing contract, viz., (1) that the land should be taken subject to any nuisance clause in prior deeds, (2) that the mortgage on the property was to run "about" 4½ years, instead of "about" five years as stated in the existing contract, and (3) that there was a tax clause in such mortgage. The plaintiff refused to sign it unless it was made to conform to the existing contract. Unless there was something substantial in the first, the changes were rather trivial. No new contract being tendered by the defendant the plaintiff demanded back the $500 which he had already paid, and brought this action therefor.

The complaint does not allege any breach except the refusal to make the new contract, there is evidence of no other breach, and the defendant avowed on the trial that he had all the while been and was ready to make the conveyance under the contract agreed to by the plaintiff. The plaintiff never demanded a conveyance, or attended on the deed day to get a conveyance. The Trial Judge in his charge allowed a recovery against the defendant for refusing to make a new contract the same as the original one. The question of refusal to convey did not enter into the case at all.

There was no motion to dismiss or to direct a verdict for the defendant, but the question of no evidence to support the verdict comes up on the appeal from the order denying the motion on the minutes to set aside the verdict and for a new trial.

The judgment and order should be reversed.

---

### KAUFMAN et al. v. MORRIS BLDG. CO.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

ACTION—JOINDER OF CAUSES OF ACTION—CONTRACT AND TORT.

Under Code Civ. Proc. § 484, subd. 9, providing for the joinder of causes of action on claims arising out of the same transaction provided they are consistent with each other, a cause of action based on fraudulent representations that all of the lots of a tract were under covenants and restrictions for residence property, thereby inducing plaintiff to purchase property, and a cause of action based on a breach of the agreement of defendant to bring all the lots under such covenants and restrictions, cannot be united because they are inconsistent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 469–489.]

Appeal from Special Term, Kings County.

Action by Walter C. Kaufman and another against the Morris Building Company. From an interlocutory judgment overruling a demurrer to the complaint on the ground that two causes of action were improperly united, defendant appeals. Reversed, and demurrer sustained, with leave to plead over.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Jesse W. Johnson, for appellant.
E. W. Cushing, for respondents.

664  **110 NEW YORK SUPPLEMENT**  (Sup. Ct.

and 144 New York State Reporter

GAYNOR, J. Two causes of action are united in the complaint, namely, one for damages for fraudulent representations and the other for damages for a breach of contract. An action on contract and one in tort may not be united, unless under subdivision 9 of section 484 of the Code of Civil Procedure. Each of the preceding subdivisions specifies causes of action which may be united, and subdivision 9 then provides generally that several causes of action "upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions" (i. e., not all embraced in or covered by any one of the said foregoing sections, in which case subdivision 9 would not need to be invoked), may be united. But it is provided at the end of the section that causes of action must be consistent with each other to be so united.

The two causes of action united in the present complaint are not consistent with each other. Both of them cannot exist together. The first is that in order to induce the plaintiffs to purchase two lots of it the defendant falsely and fraudulently represented to them that all of the lots of the tract of which the said two were a part, and which tract it owned, were already subject to certain specified covenants and restrictions for residence property, and thereby deceived the plaintiffs and induced them to purchase and take a conveyance of the same. Instead of rescinding, the prayer is for damages, viz., the difference between the value of the lots conveyed with and without such restrictions and covenants. The second is that the defendant agreed with the plaintiffs (and the alleged time of the agreement and of the fraudulent representations are simultaneous) that if they would purchase the said two lots subject to certain specified covenants and restrictions, viz., the same mentioned in the said first cause, it would thereafter in conveying the said other lots subject them to such covenants and restrictions also; and that the plaintiffs did purchase and take a conveyance of the said two lots subject to the said covenants and restrictions, but that thereafter the defendant in conveying the said other lots did not subject them to the said covenants and restrictions; and the same damages for breach of the contract are prayed for. The inconsistency is manifest. In the first cause it is alleged that it was fraudulently represented by the defendant and believed by the plaintiffs that all of the lots of the tract were already under the covenants and restrictions; in the second that there was an agreement that the defendant would thereafter bring them thereunder, viz., as it conveyed them from time to time, and that the contract was broken. If the agreement was that the defendant was thereafter to subject the land to the covenants and restrictions as it conveyed it from time to time, then the plaintiff was informed that they were not already subject thereto, and could not have been deceived by statements that they were. But if it can be imagined that the contract could be made and the fraud perpetrated simultaneously, the two causes of action cannot co-exist. To assert one of them is to negative the other. The

plaintiffs have to elect which they will sue on; they cannot sue on both. Edison Company v. Kalbfleisch Co., 117 App. Div. 842, 102 N. Y. Supp. 1039.

The judgment should be reversed and the demurrer sustained, with leave to plead over on payment of costs. All concur.