REALTY TRANSFER CO. v. COHN–BAER–MYERS & ARONSON CO.

(Supreme Court, Appellate Division, First Department. May 14, 1909.)

ACTION (§ 47*)—JOINDER OF CAUSES—CONTRACT AND TORT.

Where plaintiff, a vendee under a contract for the sale of realty, sued to recover a deposit made and disbursements for searching title and legal fees, on the ground of rescission of the contract for fraudulent representations by defendant, the vendor, such cause of action could not be joined with one based on a breach of the contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469–489; Dec. Dig. § 47.*]

Appeal from Special Term, New York County.

Action by the Realty Transfer Company against the Cohn-Baer-Myers & Aronson Company. From an interlocutory judgment sustaining a demurrer to the amended complaint, plaintiff appeals. Affirmed.

For prior report, see 60 Misc. Rep. 623, 113 N. Y. Supp. 994.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kantrowitz & Esberg (Benjamin N. Cardozo, of counsel, and Moses Esberg, on the brief), for appellant.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondent.

CLARKE, J. Defendant demurred to the complaint upon the ground that causes of action were improperly united. The action is based upon a contract for the conveyance of real estate. In the first cause of action the plaintiff alleges that it made a contract to purchase defendant's interest as vendee in an agreement for the sale of real estate; that to induce it to enter into that contract the defendant represented that the premises were a "block front," and had a frontage of not less than 219 feet 3 inches on 141st street and a frontage of not less than 217 feet 1 inch on Hamilton Place, that the entire Hamilton Place frontage could be built upon, and that defendant's vendor owned in fee simple absolute such entire tract of land and had contracted to convey said entire tract of land to defendant; that the representations were false, and were known to be false, and were made by the defendant with intent to deceive the plaintiff; that, relying upon their truth, plaintiff paid a deposit of $4,000 and incurred expenses of $2,000 for counsel fees; that at the time fixed for closing it rejected title on the ground of the false and fraudulent representations and demanded back its deposit and the amount of its expenses, notified defendant of its readiness and willingness to reassign to defendant any and all interest and rights which plaintiff had in and under the contract assigned by defendant to it; "and plaintiff has elected to, and does hereby elect by virtue of the premises to, disaffirm and rescind the said contract and assignment." In the second cause of action the plaintiff alleges that by the terms of the contract it was covenanted that the vendor had an easement of light, air, and access in certain land adjoining the premises; that the vendor did not in fact own such an easement; that the title was also defective because of restrictive covenants; that at the time of closing plaintiff rejected title because of such defects, and demanded payment of the deposit of $4,000 and $2,000 expenses for searching title, notified defendant of its readiness and willingness to reassign to defendant any and all interest and rights which plaintiff had in and under the assignment, and duly offered to execute and deliver such reassignment; and plaintiff "has elected, and does hereby elect, by virtue of the premises, to disaffirm and rescind the said contract and assignment," and demands judgment for $6,000. The defendant demurred upon the ground of misjoinder of causes of action, in that the first alleged cause of action is based upon alleged fraud avoiding the contract, and a rescission of and a refusal to take title, while the second alleged cause of action is on the contract, and is in affirmance thereof, and is based upon a demand for the deed and the alleged inability to give a good and marketable title, and for damages for such breach of said contract; that said causes of action do not arise out of the same transaction, and are not consistent with each other. The demurrer having been sustained, the plaintiff appeals.

The appellant claims that there is no inconsistency between the two causes of action; that in the first cause of action he disaffirms the contract upon the ground of fraud, and, waiving the tort, seeks to recover the down payment as money had and received—an action ex contractu; that in the second cause of action he disaffirms the contract upon the ground of the inability of the vendor to perform, and sues to recover back the down payment upon the same grounds as in the first cause of action; that a complaint may contain two causes of action, one alleging fraud, and one alleging failure to perform on the ground of inability, when what is sought is recovery of part of the consideration paid—and cites Freer v. Denton, 61 N. Y. 492. In that case the complaint alleged that the parties entered into a contract by which defendant agreed to sell certain premises to the plaintiff at a specified price per acre. Defendant agreed to convey by warranty deed free from incumbrances. The complaint then set forth that plaintiff was induced to enter into the contract by means of various false and fraudulent representations on the part of defendant as to his title, and, relying on the same, he paid the sum of $800; that defendant was unable to, and expressly refused to, carry out the contract, and notified the plaintiff that he would neither perform nor pay back the money received; and judgment was demanded for the money so paid, and also for damages. On the trial plaintiff had a verdict for the $810 which he had paid and the interest. Said Earle, C.:

"The plaintiff did not prove the frauds alleged in the complaint, and no question of fraud was submitted to the jury. If, therefore, this was, under the complaint, necessarily an action of fraud, the plaintiff should have been defeated. Upon the facts stated in the complaint, the plaintiff could recover the money paid by him upon either one of two theories: (1) He could avoid and repudiate the contract on the ground of the fraud alleged, and recover back the money because it had been obtained from him by fraud, and the defendant had no right to retain it; or (2) he could rescind the contract, because the defendant refused to perform and repudiated the same, and thus held his money without any consideration therefor. Upon either theory the action is based upon the promise to pay back the money, implied by law (Byxbie v. Wood, 24 N. Y. 607), and is one, therefore, upon contract. An action for money had and received lies, in all cases, where one has had and received money belonging to another without any valuable consideration given on the receiver's part, for the law construes this to be money had and received for the use of the owner only, and implies that the person so receiving promised and undertook to account for it to the true owner; and in case a defendant be under an obligation, from the ties of natural justice, to refund money, the law implies a debt, and gives this action founded on the equity of the plaintiff's case. Cobb v. Dows, 10 N. Y. 335; Moses v. Macfarlan, 2 Burr. 1005. No error was, therefore, committed at the circuit in holding that the plaintiff was not bound to prove his allegations of fraud. The facts stated in the complaint showed two causes of action, one to recover back the money paid, because the defendant refused to perform and repudiated the contract, and this was made out without proof of any fraud; and another to recover back the money paid, on the ground that it was obtained from the plaintiff by fraud. These two causes of action could be united in the same complaint, but should have been separately stated."

But the difficulty with appellant's contention is that in neither cause of action does he seek to recover merely the down payment. In the first he asks for $4,000, the down payment, and for $2,000, the amount expended or incurred for fees and disbursements in searching the ti-

tle. If it be true that he disaffirms on the ground of fraud, and that he has a right to recover ex contractu upon the implied promise for money had and received, this does not extend to the recovery of money not had and received by the defendant. If the expenses and disbursements are to be recovered, it must be by way of damages for the tort. In the second cause of action, on the failure of defendant to perform, again plaintiff sets up the fees and disbursements, and seeks to recover them. In this cause of action it must be upon the theory of a breach by the defendant by way of damages therefor. This being the complaint as plaintiff has framed it—and we must take it as it is, and not as it might have been—he has attempted to set up two causes of action; one for damages for fraud, and the other for damages for failure to perform a contract. One necessarily implies the nonexistence of a contract for fraud ab initio, and the other a valid contract and a subsequent breach. Viewed in this light, causes of action are improperly united.

In Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674, the first cause of action alleged false representations, down payment of $500, and $132.50 alleged to have been expended in examining the title.

"The second cause of action is brought on the contract, i. e., to recover damages for a breach thereof by the defendant by his inability to convey a good title—the damages claimed being the $500 paid on the contract and $132.50 paid for examining the title. If it may be said that they come under subdivision 9 of section 484 of the Code of Civil Procedure, which allows the union of causes of action arising out of the same transaction and not included in any of the preceding subdivisions, the answer is they are not 'consistent with each other,' which is made a requisite in the final paragraph of the section. The first cause of action is not on the contract, but alleges and is based on a rescission of it, and a refusal to take title under it, for fraudulent representations inducing the defendant to enter into it, while the second alleges and is based on a demand for the deed under the contract and the defendant's breach. One is based on fraud avoiding the contract, and the other on the contract. This inconsistency is indisputable. Proof of either would destroy the other. The election to rescind a contract for fraud, evidenced by the bringing of an action based thereon, is irrevocable, and prevents the bringing of an action on the contract itself; and vice versa, when the plaintiff has knowledge of the fraud. Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Genet v. D. & H. C. Co., 28 App. Div. 328, 51 N. Y. Supp. 377; Lomb v. Richard, 45 Misc. Rep. 129, 91 N. Y. Supp. 881."

The same point was involved and the same result reached in Edison Elec. Ill. Co., v. Kalbfleisch Co., 117 App. Div. 842, 102 N. Y. Supp. 1039, and 127 App. Div. 298, 111 N. Y. Supp. 462. See, also, Kaufman v. Morris Bldg. Co., 126 App. Div. 388, 110 N. Y. Supp. 663. Here are three cases on the precise point involved in the case at bar, recently decided by a unanimous court in the Appellate Division, Second Department. In the absence of overruling considerations, they should be followed.

It follows that the judgment appealed from should be affirmed, with costs and disbursements to the respondents, with leave to the appellant, upon payment thereof and within 20 days, to plead over. All concur.