Under Code Civ. Proc. § 484, providing that two causes of action may be joined, if growing out of the same transaction, etc., and if consistent with each other, a complaint may state two or more causes of action, even though it is apparent that both the alleged causes of action arose from the same transaction, and that only one cause of action can in fact exist.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 490–510; Dec. Dig. § 48.*]

2. ACTION (§ 45*)—JOINDER—CONSISTENCY.

Where two or more causes of action arise upon entirely disconnected facts, there can be no inconsistency between them.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 45.*]

3. ACTION (§ 45*)—JOINDER.

If the plaintiff has but one cause of action, he may, nevertheless, state in form as many causes of action as he chooses, varying the facts alleged in each, even though the several statements are inconsistent, and even contradictory in fact; but where the transaction or series of transactions gives rise to different causes of action at the election of the plaintiff, then he must elect between them, and assert one or the other only, and cannot consistently assert two or more causes of action, when his assertion of one of them is necessarily repugnant to the theory upon which one or more of the others rest.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–448; Dec. Dig. § 45.*]

4. ACTION (§ 47*)—JOINDER—BREACH OF CONTRACT AND CONVERSION—"CON-
SISTENT."

A complaint set up two causes of action: First, for a breach of con-
tract, whereby plaintiff was entitled to an interest in certain mining op-
tions owned by defendant, and a demand and refusal that his share of
the stock received on the sale of the options to a corporation be turned
over to him; and second, for conversion, claiming that certain shares of
said stock were set apart for him pursuant to the agreement, and subse-
quently converted. *Held* inconsistent, within the meaning of Code Civ.
Proc. § 484, providing two causes of action may be joined. if growing out
of the same transaction, and if "consistent."

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469–489; Dec.
Dig. § 47.*

For other definitions, see Words and Phrases, vol. 2, p. 1450.]

Action by Charles P. Hill against John McKane and others. On
separate demurrers to the amended complaint. Demurrers sustained.
See, also, 116 App. Div. 919, 101 N. Y. Supp. 1125.

George I. Woolley, for plaintiff.

John J. Adams, for defendants McKane and Bowers.

GIEGERICH, J. The amended complaint sets up two causes or
action; the first being for a breach of an alleged contract between
the plaintiff and the defendant John McKane, pursuant to the author-
ity of the other defendants, and which they afterwards ratified. The
agreement, in substance, was that the plaintiff, in consideration of the
payment of $500, was to acquire a one-eighth interest in certain min-
ing options owned by the defendants. It is further alleged in the first
cause of action that the plaintiff made the payment of $500 accord-
ing to the agreement; that the mining options were sold by the de-
fendants to a corporation known as the Golden Anchor Mining Com-
pany, and that the defendants received in consideration of the trans-
fer 200,000 shares of the stock of the said company, of which the
plaintiff is entitled to one-eighth, or 25,000 shares; and that the plain-
tiff has demanded the delivery of the stock which became due as
aforesaid, which demand has been refused, to the plaintiff's damage
$50,000. The second cause of action is for conversion—it being al-
leged that, after the receipt by the defendants of the 200,000 shares
of stock above mentioned, 25,000 shares were by them set apart for
the plaintiff in pursuance of the aforesaid agreement; that demand
was made for the same, and delivery refused, and thereby plaintiff
was damaged in the sum of $50,000.

[1] The plaintiff relies upon the statutory provision that two or
more causes of action may be united in one complaint, provided they
arose out of the same transaction or transactions connected with the
same subject of action, and provided they are consistent with each
other. Code Civ. Proc. § 484; Edison Illum. Co. v. Kalbfleisch, 117
App. Div. 842, 102 N. Y. Supp. 1039. Assuming that the two alleged
causes of action arose out of the same transaction, the demurrants
nevertheless insist that they are clearly inconsistent, within the prin-
ciple of certain cases to which attention will presently be called. The
question when causes of action are and when they are not consistent,

within the meaning of the section cited, has been the subject of a good many decisions. From the language used in some of the cases, it might be supposed that the test was whether both causes of action could be concurrently maintained and a recovery had on both. Gaynor, J., in Logan v. Whitey, 129 App. Div. 666, 670, 114 N. Y. Supp. 255; Kaufman v. Morris Bldg. Co., 126 App. Div. 389, 110 N. Y. Supp. 663. This, however, is not the test, for it has been expressly held that the complaint may state two or more causes of action, even though it is apparent that both the alleged causes of action arose from the same transaction and that only one cause of action can in fact exist. Shirley v. Bernheim, 123 App. Div. 428, 107 N. Y. Supp. 946; Logan v. Whitey, 129 App. Div. 666, 114 N. Y. Supp. 255; Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843; Seymour v. Warren, 71 App. Div. 421, 75 N. Y. Supp. 903; Blank v. Hartshorn, 37 Hun, 101.

[2] It is evident that, where two or more causes of action arise upon entirely separate and disconnected facts, there can be no inconsistency between them. The requirement of the Code that causes of action must be consistent if they are to be united in the same complaint must therefore relate to causes of action which grow out of a single event or transaction, or out of a series of events or transactions which are connected. A single happening or transaction, or a series of connected events or transactions, may give rise to several different causes of action against the same defendant, at the plaintiff's election, or they may only in any event give rise to a single cause of action. The result of the decisions appears to be that the element of consistency prescribed by the Code applies only to the former class of cases.

[3] If the plaintiff has in any event but one cause of action, he may, nevertheless, state in form as many causes of action as he chooses, varying the facts alleged in each, and even though the several statements are inconsistent, and even contradictory in fact. Logan v. Whitey, supra; Shirley v. Bernheim, supra. But in the other class of cases, where the transaction or series of transactions gives rise to different causes of action at the election of the plaintiff, then he must elect between them, and assert one or the other only. He cannot consistently assert two or more causes of action, when his assertion of one of them is necessarily repugnant to the theory upon which one or more of the others rest. Drexel v. Hollander, 112 App. Div. 25, 98 N. Y. Supp. 104; Edison Elec. Co. v. Kalbfleisch, supra; Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674; McClure v. Wilson, 13 App. Div. 274, 43 N. Y. Supp. 209; Keep v. Kaufman, 56 N. Y. 332; Teall v. City of Syracuse, 32 Hun, 332; Hoag v. Lehigh Valley R. R., 55 Misc. Rep. 388, 105 N. Y. Supp. 200; Realty Transfer Co. v. Cohn-Baer-Myers & Aronson Co., 132 App. Div. 286, 116 N. Y. Supp. 1110; White v. Improved Property Holding Co., 140 App. Div. 529, 125 N. Y. Supp. 366. It seems to me that the present case is one of the latter class.

[4] Considering the complaint as a whole, it is apparent that the plaintiff's theory is that he might maintain an action for breach of the contract to deliver the stock, on the ground that it had never actually been delivered, or that he might elect to consider the setting

apart of the stock as a constructive delivery sufficient to vest the title in him, and so enable him to maintain an action for its conversion. Assuming that he is correct in both propositions, does it not necessarily follow that the two causes of action are inconsistent, within the principles above enunciated and which are illustrated by the cases cited? It is as if the buyer of goods were to set up two causes of action, the first for breach of contract in failing to deliver the goods, and the second for conversion of the same goods. The first cause of action would necessarily rest upon the proposition that the goods had never been delivered; the second, upon the proposition that they had been set apart and appropriated to the fulfillment of the plaintiff's contract, so as to constitute a constructive delivery and vest the title in him, which appropriation and delivery he would necessarily recognize as effective in setting up his cause of action in conversion. In asserting either of these different causes of action he would negative the possible existence of the other, and they would therefore be inconsistent within the meaning of section 484 of the Code.

The present case is very similar in the principles involved to Drexel v. Hollander, cited above, and the following language of the prevailing opinion in that case (at page 27 of 112 App. Div., and page 105 of 98 N. Y. Supp.) is quite applicable, mutatis mutandis, to this:

"The first cause of action proceeds upon the theory that the title to the automobile was in the plaintiff, and that the defendants wrongfully deprived him of it by converting the same to their own use. The second cause of action proceeds upon the theory that the title to the automobile was by agreement in the defendants. The causes of action are not only inconsistent, but contradictory. The proof to establish one would destroy the other. For conversion, the plaintiff would have to prove that at the time the conversion took place he either had the title, or was entitled by reason of a special property therein to possession. To recover under the second cause of action, plaintiff would have to prove a breach of contract, and that the title to the automobile was in defendants; they having purchased it from him at the agreed price of $3,000."

I think, therefore, that the demurrers upon the ground that causes of action are improperly united must be sustained. It will consequently be unnecessary to consider the various other points raised in the briefs until the plaintiff shall have elected upon which of the two causes of action he will stand.

Demurrers sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days, on payment of such costs.