## ROZWADOW YOUNG MEN'S ASS'N v. LANGWEIL.

(Supreme Court, Special Term, Queens County.   July 26, 1912.)

1. ACTION (§ 38*)—JOINDER OF CAUSES OF ACTION—INCONSISTENCY—STATUTES.
   Under Code Civ. Proc. § 484, which provides that certain causes of action may be joined if it appears upon the face of the complaint that they are consistent with each other, a complaint containing two counts, the gravamen of which was the pretended conveyance of property by certain officers of the plaintiff corporation without the authority of its trustees, the first count of which alleged that plaintiff was in possession and sought to remove a cloud on title, and the second count of which alleged that defendant ousted plaintiff from possession by fraudulently obtaining an order of the Supreme Court and which sought to state a cause of action in ejectment, was bad for obvious inconsistency between the two causes of action.
   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565;  Dec. Dig. § 38.*]

2. QUIETING TITLE (§ 7*)—GROUND OF RELIEF—CLOUD ON TITLE—DEED.
   Where a deed appeared to be valid on its face, and valid on the face of the record after an order of the Supreme Court purporting to confirm the conveyance of the premises to defendant, the grantor could maintain a suit in equity to set it aside as a cloud on his title.
   [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33;  Dec. Dig. § 7.*]

3. QUIETING TITLE (§ 50*)—SCOPE OF RELIEF—AWARD OF POSSESSION.
   In a suit to set aside a conveyance as a cloud on title, the court, as part of the relief granted, may award plaintiff possession of the premises.
   [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 100;  Dec. Dig. § 50.*]

4. PLEADING (§ 53*)—COMPLAINT—SEPARATE CAUSES OF ACTION—CONSISTENCY.
   Where a complaint contains two or more counts, stating but one cause of action in different forms, the different counts need not be consistent.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 114–117;  Dec. Dig. § 53.*]

Action by Rozwadow Young Men's Association against Samuel Langweil, as president, etc.   Motion by plaintiff for judgment on demurrer to the complaint.   Motion denied, with leave to plaintiff to amend its complaint within 20 days on payment of costs.

Benjamin Koenigsberg, for plaintiff.
Samuel H. Kunstlich, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Index

BENEDICT, J.   The defendant demurs to the complaint in this action, on three grounds:   (1) That it does not state facts sufficient to constitute a cause of action;  (2) that there is a defect of parties defendant;  (3) that there is a misjoinder of causes of action.

[1] The complaint contains two counts, the gravamen of both of which is the pretended conveyance by certain officers of the plaintiff, a membership corporation, of certain cemetery property, without the authority of the trustees of the corporation.

In the first count it was the pleader's evident intent to state a cause of action to remove a cloud on title, and it is alleged in paragraph "Fourth" that the plaintiff is in possession of the premises.   In the second count the apparent intent is to state a cause of action in eject-ment; it being alleged, in substance, that the defendant ousted plain-tiff from possession by obtaining under false and fraudulent represen-tations an order from the Supreme Court, on or about December 9, 1911, pursuant to which the keeper of the premises refuses to permit the plaintiff to have access thereto (Complaint, paragraph 26).   It thus appears that there is an obvious inconsistency between the two causes of action as stated, and hence the demurrer is good on the third ground above stated.   Code Civ. Proc. § 484.

[2, 3] In my opinion, the plaintiff has in fact but one cause of action.   On the facts alleged in the complaint the deed is void, but it is apparently valid on its face, and I assume that the order of the Su-preme Court above referred to was an order purporting to confirm the conveyance of the premises to the defendant's organization.   Mem-bership Corporations Law (Consol. Laws 1909, c. 35) § 13.   If so, then the conveyance is regular on the face of the record, and plaintiff can maintain an action in equity to set it aside as a cloud on title, and the court as part of the relief granted can award to it the possession of the premises.   Lattin v. McCarty, 41 N. Y. 107;  St. Stephen's Church v. Church of the Transfiguration, 201 N. Y. 1, 94 N. E. 191, Ann. Cas. 1912A, 760;  O'Donohue v. Smith, 130 App. Div. 214, 218, 114 N. Y. Supp. 536.

[4] I recognize that, where a complaint contains two or more counts stating but one cause of action in varying forms, the different counts need not be consistent.   Hill v. McKane, 71 Misc. Rep. 581, 128 N. Y. Supp. 819.   But in the case at bar, the plaintiff has, by his form of statement, set up two distinct causes of action, which are inconsistent for the reasons above given.

The motion for judgment on the pleadings must therefore be de-nied, with $10 costs, and with leave to the plaintiff to amend its com-plaint within 20 days on payment of such costs.