UNITED STATES of America for the Use and Benefit of GROISSER & SHLAGER IRON WORKS, INC., Plaintiff,

v.

Arthur J. WALSH, d.b.a. Arthur J. Walsh Contracting Company and Fidelity & Deposit Company of Maryland, Defendants.

Civ. A. No. 9442.

United States District Court
N. D. New York.

May 10, 1965.

Elman & Ornstein, New York City, for plaintiff, Leonard S. Elman, New York City, of counsel.

McClung, Peters & Simon, Albany, N. Y., for defendant Fidelity & Deposit Co. of Maryland, William J. Murphy, Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

In this Miller Act suit, the defendant surety moved to vacate a judgment entered by the use plaintiff in its favor on an arbitration award, or in the alternative to amend the judgment so as to eliminate therefrom the provision for interest. It is my understanding the issue has narrowed to the interest question inasmuch as at my suggestion the principal sum of $27,295.00 and an agreed share of arbitration costs has meanwhile been paid to the plaintiff.

The complaint herein demanded judgment in the sum of $48,795.00 with interest from April 30, 1962. The amount claimed due was an alleged unpaid balance on a written contract between the plaintiff and defendant Walsh, in which the plaintiff agreed to furnish Walsh structural steel and miscellaneous metal for use in the performance of a government contract involving the construction of a radar tower at the Saratoga Air Force Base. After the commencement of the action it was agreed by the defendants to pay the plaintiff $19,000.00 on the contract—which was done and credited—and to submit the dispute concerning the balance of $29,795.00 to arbitration before the American Arbitration Association. A contract embodying the arbitration agreement was executed and a stipulation entered into. Interest was not specifically requested in the Demand for Arbitration made pursuant to the agreement by the use plaintiff. The dispute submitted to the arbitrators in the demand was set forth as the principal amount due the use plaintiff after the credit, plus costs of arbitration. After hearings, the arbitrators awarded to plaintiff the sum of $27,295.00 on its claim, and an additional sum of $326.98 for one-half the arbitration costs. It was stated in the Award of Arbitrators the award constitutes full settlement of all claims submitted in the arbitration proceeding. In the entry of judgment—and this is now the single source of dispute —the judgment as entered by the plaintiff provided for interest from April 30, 1962 on the principal sum awarded.

It seems settled without doubt that in a suit under the Miller Act the question of liability for interest must be determined by the law of the State. (Illinois Surety Co. v. John Davis Co., 244

U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Aetna Casualty & Surety Co. v. B.B.B. Const. Corp., 2 Cir., 173 F.2d 307, 308). Generally, under federal law, interest is computed from the time demands are first made on a Surety's principal. (United States v. Seaboard Surety Co., 2 Cir., 339 F.2d 1, 3).

■■ It is the earnest contention of the surety defendant that the use plaintiff is not entitled to interest and renounced its right to it because interest was not one of the issues placed before the arbitrators by the particularized Demand for Arbitration, and as a result the plaintiff made no proof of facts required to give basis for computation of interest. In my judgment, the contrary position of the plaintiff is right contending that under the law of New York, statutory and case interpretations, a party in a contract action for liquidated damages is entitled to interest as a matter of law and right from the date the cause of action arose. (Sections 5001, 5002, 5003, N. Y. Civil Practice Law & Rules; Flamm v. Noble, 296 N.Y. 262, 72 N.E. 2d 886, 171 A.L.R. 812; In re Burke, 117 App.Div. 477, 102 N.Y.S. 785; DeMartini v. Bertram Garden Apartments, Inc., Sup., 137 N.Y.S.2d 192). There is no significant change in the interest provisions of the new C.P.L. & R. of New York from the replaced Civil Practice Act.

■ If equities are to be considered, and I am not sure such considerations are relevant where right as a matter of law is present, in my opinion the use plaintiff in these circumstances should be the beneficiary of any implication from reasoning of that kind. Interest was demanded in the complaint, and more important, paragraph 2(a) of the arbitration agreement submitted the dispute as to balance due to arbitration, with the phrase thereafter: "together with appropriate interest". Further, in paragraph 4 the agreement stated that the award of the arbitrators would be returned to this District Court, and judgment entered upon the award "in the manner prescribed by law." Chief Judge Lumbard of this Circuit, in an interesting discussion recently on prejudgment interest, cited the quotation from Sedgewick on Damages that on general principles, once admitted interest is the fruit of money, it would seem that wherever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date. (Moore-McCormack Lines, Inc. v. Richardson, 2 Cir., 295 F.2d 583, 592–595, 96 A.L.R.2d 1085). True, the award does not mention interest but it seems unquestionable from an invoice dated April 30, 1962 (Ex. B, Elman affidavit in opposition) proper demand was made for the full contract price on that date.

The motion to vacate or alter the judgment in any respect entered in favor of the use plaintiff in this action on May 6, 1964 is denied, and it is

So ordered.